## COMPTON v. COMER.

Where a bill in chancery charges material facts to be within the knowledge, and certain acts to have been done at the instigation, of the respondent, and the answer does not respond to such charges, such charges are to be taken as true.

A respondent in chancery cannot pray anything in his answer, except to be dismissed the court.

If he has any relief to pray, or discovery to seek, he must do so by a bill of his own, or he may make his answer a cross bill.

*Appeal from the Muscatine District Court.*

THE petition in this case alleges, that the complainant in

August, 1851, gave a mortgage to one Gatton, on 160 acres of land in Muscatine county, to secure the payment of a promissory note for $150, due in fifteen months; that the complainant resided at the time in Illinois; that Gatton transferred the note to one Campbell, and Campbell to Fletcher, and that when complainant came to Iowa to pay the note, Gatton told him he had no further interest in it, but could not tell him where the note was, and he returned to Illinois, without paying it; that he heard nothing more of it, until in the year 1853, he learned that the respondent, Jno. Comer, was in possession of the land, and was claiming to be owner of the same, by virtue of a purchase at sheriff's sale, under a decree of foreclosure against complainant in the District Court of Muscatine county, in a suit brought in the name of Gatton, for the use of said Campbell. The petitioner avers that he was never notified according to law, of the pendency of any suit of foreclosure against him on said note and mortgage; and that the proceedings and the sale, if any was made, under the same, were void for want of such notice. He prays that the same may be declared void by decree of the court; and that not knowing who is the holder or owner of said note and mortgage, nor to whom to pay the same, that he may be permitted to pay the amount of the same into court, for the use of the person who may be entitled thereto. The petitioner makes Gatton, Comer, Campbell and Fletcher parties to the suit. He prays for discovery and general relief, and for an injunction against Comer, who is in possession, restraining him from cutting or destroying the timber on the land, which he avers, constitutes its chief value.

There is no appearance or answer by Gatton. Comer answers, and disclaims holding title to the land by virtue of the purchase at sheriff's sale, and claims to hold the same under an alleged parol agreement between complainant and himself, by which he avers complainant agreed to sell him the land for $250. He avers that, after the suit was commenced on the note and mortgage, the complainant proposed to respondent, to purchase the land at the price aforesaid;

that out of the amount, respondent might pay the mortgage on the land, and for the balance, have time of payment, and if respondent accepted the proposition, he was to notify complainant in Illinois.  He alleges that he afterwards accepted the complainant's proposition, and wrote to him to that effect; that he purchased the note and mortgage of Fletcher, but not hearing from complainant, in answer to his letter, and not knowing any reason for his silence, he suffered the suit of foreclosure, already commenced, to proceed to judgment, and purchased the lands at sheriff's sale on the judgment, in order to compel complainant, to fulfill his agreement of sale with respondent.  He admits that he bid-off the land at the sale, for more than the amount of the judgment; that he directed the sheriff to hold the execution in his hands, until he should be able to see complainant; and that the sheriff went to California, and the execution has never been returned.

Fletcher, in his answer, states that he received the note on complainant from Campbell, in part payment for land sold Campbell, and was to credit Campbell with the amount received by him on the note; that he never saw the mortgage; and that he left the note for collection with an attorney in Muscatine; that before judgment was obtained, Comer came to him and wished to purchase the note; that he told him he did not know that he had any right to sell it, but finally received from Comer the amount of the note and interest, and transferred it to him.  Campbell's answer states that he received the note and mortgage from Gatton, and transferred it to Fletcher, without assignment, as collateral security; that Fletcher was to credit him with the amount received on the note from Compton; that he did not part with his interest in the note, and did not direct suit to be brought against Compton, until he could be written to and heard from.; and that he never authorized or directed a sale of the land on the judgment against Compton, and did not hear of it until some time after it took place.

The District Court, on the hearing, rendered a decree in favor of complainant, setting aside the proceedings in fore-

closure, and the sheriff's sale under execution; directing that complainant should pay into court, for the use of the party entitled thereto, the amount of principal and interest due on the mortgage; and perpetuating the injunction granted against Comer. From this decree, Comer appeals.

*Cloud & O'Connor*, for the appellant.

*Richman & Bro.*, for the appellee.

STOCKTON, J.—The complainant seeks relief in equity, against certain proceedings had in the District Court of Muscatine county, to foreclose a mortgage given by him on certain lands in said county, and for a decree that shall allow him to come in and pay off and discharge the mortgage. He also seeks such a discovery from the respondents, as shall inform him of the true state of facts, in respect to the sale of said lands, made by the sheriff under the decree rendered in said suit. The reasons alleged by the complainant, why the proceedings in said foreclosure suit should be set aside, and the sheriff's sale held for naught, are, that at the time of the commencement of the suit, he was a resident of the state of Illinois; that there was no such notice given of the pendency of the suit, as is required by law; that the suit was commenced on the 13th of May, by delivering the original notice to the sheriff; that the same was by him on the next day, "returned not found;" that the term of the District Court, at which the decree of foreclosure was rendered, commenced on the 7th of June thereafter; and that the four weeks' notice by publication, required by law, could not have been given between the said 14th of May, and 7th of June succeeding; that no return has been made by the sheriff of the execution, on which the lands were sold, and no deed for the same from the sheriff to the purchaser is on record; that the complainant only knows from rumor, that such sale has ever been made, and is informed and believes that one of the pieces of land, the same having been sold in parcels, brought, at the sheriff's

sale, a greater amount than was necessary to pay the judgment and costs, notwithstanding which fact, all the land was sold, and no part of the purchase money has been paid, nor any surplus accounted for to complainant.   These things, he alleges, were all done with the knowledge of respondent Comer, who is in possession of the land, and claims to own the same by virtue of the proceedings aforesaid, and who is alleged to have been the contriver of all the unfair practices charged, and who, though required, refuses to give to complainant any information or satisfaction in the premises.

The respondent Comer, while he, by his answer, claims the legal and equitable title in the land, makes no answer to the material allegations of the complainant's bill.   The facts as to the means by which the decree was procured, and land sold, being charged to have been within the knowledge of Comer, and to have been done at his instigation, not being replied to by him, are to be taken as true ; and we have only to inquire, whether the new matters set up by Comer, in his answer, by way of defence, are sufficient to defeat complainant's right to the relief prayed for.   In this answer, without making it a cross bill, or seeking any discovery from complainant, in reply to its averments, Comer prays that the court, on final hearing, will decree the lands to him.   And that complainant be required to convey the lands to him by good and sufficient deed.

The respondent cannot pray anything in his answer, except to be dismissed the court.   If he has any relief to pray, or discovery to seek, he.must do so by a bill of his own, or he may make his answer a cross bill.   *Morgan* v. *Tipton*, 3 McLean, 339 ; *McConnell* v. *Hodson*, 2 Gilman, 640 ; Daniell's Chancery Practice, chapter 31.   The matters set up by the answer, are not presented in such shape as to be available to respondent, either as a bar to the relief sought by complainant, or as ground on which the court can base any decree in favor of respondent.

Waiving, however, for the present, all questions as to the form in which the matter of the answer is presented, we in-

quire as to its sufficiency, in point of substance, to defeat complainant's claim to relief. It is evident that Comer cannot claim the land by virtue of the parol agreement with Compton, and by virtue of the purchase at sheriff's sale, at the same time. They cannot both stand, and one or the other he is compelled to abandon. He has chosen to abandon his claim of title under the purchase at sheriff's sale, and to rely on the alleged parol agreement with Compton. How, then, does the case stand, viewing it in the light in which it is sought to be placed by respondent, as a purchase of the land by him from complainant? We are of opinion, that the evidence is not sufficient to show a proposition on the part of complainant to sell the land, accepted by Comer, and notice of such acceptance given to complainant. It was not sufficient to show that respondent addressed a letter to complainant, through the post office at Middleton, Illinois, accepting the proposition, without evidence that complainant received the letter. Nor can the purchase of the mortgage by respondent, be regarded in the light of a payment by him to Compton, upon the land. The respondent did not so regard it himself. He prosecuted the suit on the mortgage, commenced by Fletcher, to judgment against Compton, issued execution on the judgment, and bought in the land at the sheriff's sale. There is a wide difference between payment, which would have satisfied and extinguished the mortgage, and the purchase of it by respondent, and his attempt to enforce it as a valid and subsisting demand against complainant, by prosecuting the suit to judgment, and selling the land to satisfy it. As respondent abandons all claim to the land under the sheriff's sale, it is no answer to the objection, to aver that he sold the land under the judgment of foreclosure, in order that he might keep it in such a position as to compel Compton to fulfill his verbal contract with him. Nor can respondent's possession of the land in any respect strengthen his claim. Such possession, to be of any avail, must have been with the actual or implied consent of Compton, and under and by

virtue of the contract of sale. But if no contract or agreement is shown, neither payment by respondent, nor possession of the land, is of any avail.

.4. Decree affirmed.