## Westfall *et ux. v.* Lee *et al.*

In chancery, where a cause is heard upon bill and answer, the answer is sufficient to sustain a decree against the complainant, so long as his bill remains unsupported by evidence.

In a proceeding in equity to enjoin the summary foreclosure of a mortgage, under chapter 118 of the Code, the court, under section 2084, may decree a foreclosure of the mortgage, in favor of the respondent, without his filing a cross-bill praying for that relief, or his making such prayer in his answer, and causing that to stand for a cross-bill.

Where a wife unites with her husband, in the granting part of a mortgage, but does not expressly relinquish her right of dower in the premises, to which mortgage there is no acknowledgment on the part of the wife, she cannot be held to have released her right of dower in the premises.

*Appeal from the Henry District Court.*

SATURDAY, OCTOBER 16.

This is a petition for an injunction, to stay the summary foreclosure of a mortgage by the sheriff, under chapter 118 of the Code, and to remove the proceedings into the district court. The complainant shows that he executed to Morgan Walters, on the 14th of April, 1857, a mortgage on a certain parcel of land, to secure the payment of two promissory notes, one of which had been paid, and the other for the sum of twelve hundred and sixty-five dollars, fell due on the first of October, 1857; and that Walters had assigned this note and the mortgage to the defendant, Lee, who was about to foreclose the same by the above summary proceeding. He avers that the full amount of the note was not then due, but that credits to a large amount should be allowed thereon; and that this defendant took the assignment, knowing the above facts. He therefore prays that the proceedings may be stayed by injunction, and removed into the district court, and that the amount due upon the note may be there ascertained and determined. The complainant makes an exhibit of a copy of the mortgage, which purports to be signed by Jacob Westfall, and one Caroline Westfall, but no certificate of

acknowledgment is exhibited. He alleges that he, in good faith, contests the amount due on the note, and makes the said Lee, and Charles F. Devol, sheriff, defendants to the bill. The injunction was allowed on the 5th of December, 1857.

On the 29th of December, at the December term of the district court, the said Lee and Devol filed answers; and said Lee moved a dissolution of the injunction—that a decree be entered for the amount due on the note—and that the premises be ordered to be sold by special execution. Morgan Walters comes and prays that he "may be permitted to appear in this action, and answer the allegations of the petition," and files a paper purporting to be an answer. A. & W. A. Saunders, also, come and " pray leave to plead herein, and on such leave," file a paper denominated a plea. These answers are sufficiently explained in the opinion of the court. A decree was rendered in accordance with the prayer of the defendant, Lee, which is referred to in the opinion. The complainant appeals.

*Palmer & McFarland*, for the appellant.

*Ambler & Wilson*, for the appellees.

WOODWARD, J.—This case presents to us an unusual and peculiar state of facts. It does not seem necessary to ·enter into a detail of the matters of the answer, in order to reach the questions involved. Between Lee and Westfall, there is an issue as to the amount due on the note. Lee states that he had assigned to A. & W. A. Saunders an interest of seven hundred dollars of the note. The two persons who are made parties defendant, by the complainant, viz : Lee, and the sheriff, Devol, having made answer, Walters and the Saunders, appear and ask leave to answer. The Saunders assert their right in a part of the note, and claim that they took it, and hold it, irrespective of any equities between the prior parties, Westfall, Lee, and Walters, and pray a sale of the land and the payment

of their claim. The answer of Walters is a statement of the transactions between him and Westfall, and amounts but to testimony, sustaining the allegations in the answer of the said Lee.

There does not appear any good reasons why these persons were permitted to become parties to the suit, and to answer, especially in the case of Walters, and there may have been some impropriety in it. And if we, found any necessity for supposing, that the court was governed in its action, by the answers of those persons, it might influence our own views of the case. But whatever weight there might be in these questions and doubts, the necessity of considering them, and with them the answer referred to, is superseded by the answer of Lee. This is sufficient to support the decree against the complainant, so long as his bill remains unsupported by evidence. The cause appears to have been heard upon bill and answer, and under this view, there was no error in the action of the court.

Some doubt has been felt by a portion of the court, whether the respondent was entitled to a decree of foreclosure and sale, without filing a cross-bill, praying that relief, or making such prayer in his answer, and causing that to stand for a cross-bill also. *Compton* v. *Comer,* 4 Iowa, 577; *Armstrong* v. *Pierson,* 5 Ib., 317. A majority of the court, however, are inclined to regard section 2084 of the Code, as authorizing the district court, upon ascertaining the amount due, to proceed and decree a foreclosure and sale. Thus far the decree of the court below will be affirmed. But as far as the decree cuts off and forecloses the interest in dower of the wife, we think there was error. Although the wife joined in the body of the deed, yet as the transaction shows itself to be wholly one of the husband alone, and not one in which she was in fact a party, it has been the practice of the courts, in such cases, to regard her as joining only for the purpose of releasing her dower. She is not bound by the covenants, for instance, in such cases. But in the present case, as she has not expressly relinquished her right to dower, and as

there is no acknowldgment of the deed by her, certified by an officer authorized thereto, she cannot be held to have released her right, so as to be forever barred and foreclosed therein.

That part of the decree of the district court, therefore, which forecloses the right of dower of the wife, will be reversed, and the remainder will stand affirmed.