HOLLADAY, ADMINISTRATOR V. JOHNSON *et al.*

1. AFFIRMATIVE RELIEF. Affirmative relief will not be granted to a respondent in chancery when not properly prayed for by the cross bill or otherwise, following *Compton* v. *Cowen*, 4 Iowa, 577; *Armstrong* v. *Pearson*, 5 Ib., 317; *McGregor* v. *McGregor*, 9 Ib., 65.

2. APPEAL: TIME. An order was made in November, 1859, referring a chancery cause to a master, whose report upon the amount of respondent's lien upon the land named in the bill was made in April, 1860, when it was confirmed and an order made for the sale of the premises: *Held*, that the appeal was within the time prescribed by law, the computation of which should commence at the time the second order was made.

*Appeal from Webster District Court.*

FRIDAY, JANUARY 3, 1862.

ACTION to enforce specific performance of a contract for the purchase of lands. The answers of the several defendants set up allegations as to the validity of the sale, but asked for no affirmative relief. The court decreed that the sale was invalid, and reserved "to the purchaser and his assignees the right to pursue all their proper remedies for the recovery of said estate [of which the plaintiff is the administrator,] whatever payments may have been made for and on account of such purchase, and that they have a specific lien on said lands for the security and payment thereof; and that for the purpose of ascertaining such amount, this cause be referred to James R. Strow, special commissioner, who is required herein to make his report to the next term." Upon the filing of the report the court ordered and decreed, that "the defendants Thomas Snell and Hiram Butterwoth, have a lien upon the premises in the petition described for the amount of two hundred and fifty dollars and fifteen cents, with interest thereon, at the rate of six per cent from the 3d day of February, 1857, and also a lien upon said premises, for the further sum of eighty-five dollars and ninety cents, with interest thereon, from the 6th day of February, 1858, at the the rate of six per cent, and that they have execution for the same, to sell the real estate and premises in the pleadings herein described, in

case the same shall not be paid within six months." The plaintiff appeals.

*John F. Duncombe* for the appellant.

*Theodore Hawley* for the appellee.

WRIGHT, J.—I. The decree below must be reversed for the reason that affirmative relief is granted respondents, without being asked either by cross-bill or otherwise. *Compton* v. *Corner*, 4 Iowa, 577; *Armstrong* v. *Pierson*, 5 Ib., 317; *McGregor* v. *McGregor*, 9 Ib., 65.

II. An order was made in November, 1859, referring the cause to a master to ascertain and report the amount of respondents' liens upon the land named in the bill. The report was made in April, 1860, and a decree entered confirming the report, ordering that the amount found due, should be a lien, and that the premises be sold to satisfy the same. This appeal was taken within one year from the date of the final decree. *Held*, that the appeal was in time, and that complainant was not concluded by the fact that the first order (of reference) was made more than one year before the appeal.

Counsel refer to an amended transcript, which it is claimed shows that these proceedings were conducted by consent and agreement. No such transcript is before us, however, and we can not act upon it.

Reversed.