EDWARDS v. SULLIVAN *et al.*

1. **Conveyance:** GRANT OF DOWER. A deed in which the wife joins the husband in the granting clause and in the covenants, operates, under our statutes (Rev., 1860, §§ 2209, 2215), to pass all the estate of the wife in the property conveyed, including her right of dower.

*Appeal from Dubuque District Court.*

SATURDAY, JUNE 16.

SUIT in equity to quiet title as against several claimants. The only question presented in this appeal, which is by Ellen Sullivan alone, arises upon the following facts: Michael J. Sullivan, who was the husband of Ellen, was the owner in his own right of two lots in Dubuque. In 1853 he sold one of them, and conveyed it by deed of general warranty. His wife Ellen joined in the granting parts and covenants of the deed, which was acknowledged by both in the usual form. There was no relinquishment of dower mentioned in the deed or acknowledgment. The other lot was sold in 1854, and conveyed in the same manner, except that there was added to the acknowledgment these words: "And the said Ellen relinquishes her right of dower." The husband, Michael J., died in 1856. The question is, did the *dower right* of the said Ellen Sullivan pass to the grantees in the two deeds. The District Court held that it did, and the defendant Ellen appeals.

*Monroe & Deery* for the appellants.

1. The law in force when the deeds under consideration were executed, simply requires a relinquishment in order to bar dower, but says nothing about the form or manner in which it is to be made. The mere joinder of the wife in the granting clause and covenants of warranty cannot be con-

strued into such relinquishment. *Westfall et ux.* v. *Lee et al.,* 7 Iowa, 12. In *Schaffner et al.* v. *Grutzmacher et al.,* 6 Iowa, 137, and *Babcock* v. *Hoey et ux.,* 11 Id., 375, no question of dower was presented. In *Grapengether* v. *Fejervary,* 9 Id., 163, the conveyance was by a married woman of *her own* land ; and *Larson* v. *Reynolds and Packard,* 13 Id., 580 ; *Sharp* v. *Bailey,* 14 Ind., 387, are not in point.

*DeWitt C. Cram* and *Beach & Gray* for the plaintiff.

1. These deeds are both drawn, executed and acknowledged, so as to convey all the interest of grantors, including the contingent right of dower, as required by the law then in force, except that it was not required of the officer to certify, as in the deed marked F, that the wife relinquished dower. No law then in force required the deed to contain in express words a relinquishment of dower by the wife, or a separate examination before the officer taking the acknowledgment. Revision, 1860, §§ 2209, 2215; *Schaffner* v. *Grutzmacher et al.,* 6 Iowa, 137 ; *Grapengether* v. *Fejervary,* 9 Iowa, 163 ; *Larson* v. *Reynolds and Packard,* 13 Id., 580 ; *Sharp* v. *Bailey,* 14 Id., 387 ; *Babcock* v. *Hoey et al.,* 11 Id., 375.

Cole, J. — The precise question presented by the transcript in this case has not been directly adjudicated by this court. But the general rights and powers of married women, in relation to conveying their real estate and dower, were thoroughly examined by this court, and clearly stated in an elaborate opinion by Justice Dillon, in the case of *Simms* v. *Hervey,* 19 Iowa, 272. As to adjudications of the different phases of the same general question, see also *O'Ferrall* v. *Simplot,* 4 Iowa, 381; *Schaffner* v. *Grutzmacher et al.,* 6 Id., 137 ; *Grapengether* v.

*1. CONVEYANCE: right of dower.*

*Fejervary*, 9 Id., 163; *Babcock* v. *Hoey et al.*, 11 Id., 375; *Larson* v. *Reynolds and Packard*, 13 Id., 580; *Sharp* v. *Bailey*, 14 Id., 387.

In *Westfall* v. *Lee et ux.*, 7 Iowa, 12, in the concluding paragraph of the opinion by WOODWARD, J., reference is made to the matter of relinquishment of dower and the necessity for acknowledgment, but it does not appear from the statement of the case, or otherwise in the opinion, that any such question was involved in it. The question may possibly have been as to the genuineness of the signature of the wife; and upon this, what is said as to the absence of acknowledgments, would be very correct. Under our statute there is no difficulty in determining this question. Revision, "section 2215 (1207 of Code of 1851). A married woman may convey her interest in real estate in the same manner as other persons." This means exactly what it says, and removes the common law disability of a married woman, in this respect, and places her upon the same footing as a *feme sole* or adult male. It is further provided, Revision, section 2209 (1201 of Code of 1851), that "every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used." There is nothing in the conveyance relied upon in this case that would tend to raise any inference, that any estate or interest was reserved in the grantors or either of them.

Under our law (Rev., § 2479), the husband has the same dower right and interest in the real estate of the wife, as the wife has in the real estate of the husband. Suppose the husband should join the wife in the granting clause and covenants of a deed conveying the wife's land, but should not expressly relinquish his dower therein, would any lawyer claim that after the death of the wife, he could recover his dower interest in the land thus conveyed ?

Such claim would hardly be made by any one. And

yet under our statute the wife is clothed with the same capacity and power to convey as the husband. Possessing the same powers, it is certainly very logical to conclude that the same consequences would follow from the same acts.

The wife having joined in the granting and covenanting parts of the deeds in controversy, was correctly held by the District Court to have passed all her interest in the real estate conveyed thereby. See *Learned* v. *Cutler*, 18 Pick., 9.

Affirmed.