## RICHMOND v. TIBBLES and Husband.

1. Husband and wife: LIABILITY OF WIFE: COVENANTS OF WAR-
RANTY. A married woman is liable on her covenants in a deed for
her own land, the same being a contract in relation to her separate
property within the meaning of section 2506 of the Revision.

2. —— The powers which a married woman may, under our statute,
exercise, enumerated, and the prior adjudications of the court bear-
ing thereon, collected by WRIGHT, J

*Appeal from Keokuk District Court.*

FRIDAY, JANUARY 29.

ON the trial to the court, the following facts were
found: In February, 1865, the defendant Presinda, being
then the wife of her co-defendant, William, made her
note to Mary Parker, and secured the same by mortgage
on certain real estate of which she was the actual owner,
and to which she had the title in her own name. The
husband did not join in making either the note or mort-
gage. After this, in July, 1865, the defendants sold the
land so mortgaged to plaintiff, executing a deed therefor,
with full covenants of warranty. In June, 1868, an ac-
tion was commenced to foreclose this mortgage against
the wife and the present plaintiff. Service was had on
both. These defendants neglected and refused to pay
the note and have the mortgage canceled, and plaintiff,
in August afterward, paid the full amount of the note,
and took an assignment thereof, but without any "benefit
from the mortgage executed to secure the same."

This action was then commenced against husband and
wife to recover the amount thus paid, with interest, the
plaintiff counting upon a breach of the covenant against
incumbrances contained in the deed.

The court found that the refusal of defendants to remove the incumbrance was a breach of the covenant contained in the deed; that they were both liable thereon, and that plaintiff was entitled to recover against them, the sum paid by him to remove such incumbrance, with interest. Judgment accordingly, and defendants appeal.

*G. D. Woodin* for the appellants.

*Seevers & Cutts* for the appellee.

WRIGHT, J. — The leading, and, indeed, almost sole question in this case, is, to use the concise language of appellant's counsel, can a married woman be made liable on her covenants of warranty, in a deed for her own land? It is agreed that she can not, unless made so by statute. It becomes material, therefore, that we at once ascertain what has been enacted, that we may gather the modifications and changes made upon the common law rule. That they may be better understood, we here give in a condensed form, all the sections, which it is agreed or believed, bear upon the question made:

A married woman may convey her interest in real estate in the same manner as other persons. Contracts made by the wife in relation to her separate property, or those purporting to bind herself only, do not bind the husband. For the separate debts thus contracted, the husband is not liable, nor is the property of the wife liable for his debts. Where a married woman is a party to an action, her husband must be joined; except when it concerns her separate property, or is founded on her own contract, she may be sued alone. In no case need she prosecute or defend by her guardian or next friend. If sued alone, judgment shall be enforced against her separate property. When suing alone, judgment is to be enforced in the same manner, unless the husband is

brought in by rule, in which case execution may issue against him also, unless for cause he shows that he is not interested in the suit by the wife, and if sued together she may defend in her own right. For the expenses of the family, the education of the children, and such other obligations as come within the equity of the provision (§ 2507), the property of both is chargeable, and in relation thereto they may be sued jointly, or the husband separately. Her personal property does not vest at once in the husband, but under certain circumstances will do so, in favor of third persons. She may own specific articles of personal property exempt from his debts, by pursuing the course pointed out in the statute. She may also receive gifts or grants of property from her husband, without the intervention of trustees. So, too, she may act as executor, independently of her husband, and marriage subsequent to her appointment does not render it invalid. Her property subject to taxation is to be listed by herself or husband. In a proceeding against her, growing out of a contract which she may have the legal right to make, the pleading need not state facts constituting a cause of action against her with respect to her separate property, but it is sufficient to state facts constituting a cause of action against her as a person, and judgment shall be personal. Where a judgment is rendered against both, the execution may issue against either or both. And equity is empowered to correct, amend and relieve, against any errors, etc., occurring in the deed or other conveyance of any husband and wife, intended to convey or incumber her lands or estate, or her right of dower in his lands, in the same manner and to the same extent as it may correct errors, mistakes or defects, in the deeds or conveyances of any other persons. Their rights of dower and descent are reciprocal. All of which provisions will be found in the following sections of the Revision: 2215, 2499, 2502-

5–6–7, 2771–2–3–4, 2200, 2336, 714, 2933, 3256, 2257, 2479.

That these provisions innovate radically upon the rules of the common law, touching the relation of husband and wife — and especially her powers and obligations — will be readily conceded, and indeed has been recognized by the repeated rulings of this court. The more important of these, bearing by analogy, or otherwise, upon the question involved, are here collected, and to some of which we shall have occasion to refer hereafter. *Rodemyer* v. *Rodman*, 5 Iowa, 429. (This case was ruled before the adoption of the Revision, and the change introduced by section 2933 thereof.) *Jones* v. *Crosthwaite*, 17 id. 393; *Patton* v. *Kinsman*, id. 429; *Johnson Co.* v. *Rugg*, 18 id. 138; *Simms* v. *Hervey*, 19 id. 273; *Lyon* v. *Metcalf*, 12 id. 93; *Musser* v. *Hobart*, 14 id. 248; *Blake* v. *Blake*, 13 id. 40; *Wolff* v. *Van Metre*, 19 id. 134; S. C., 23 id. 397; *Reed* v. *King*, id. 500; *McCormick* v. *Holbrook*, 22 id. 487; *Sanborn* v. *Cassady*, 21 id. 77; *Mitchell* v. *Sawyer*, id. 582; *Davidson* v. *Smith*, 20 id. 466; *Logan* v. *Hall*, 19 id. 491; *Childs* v. *McChesney*, 20 id. 431; *Robertson* v. *Robertson*, 25 id. 350.

The statute of New York (acts of 1860, ch. 90, § 157) was perhaps as comprehensive as ours, in the powers given and the rights conferred upon a married woman, in relation to acquiring and conveying real property. It contained no words expressly making her liable upon her covenants in deeds conveying her separate property. And though the subsequent act (Laws 1862, p. 343, ch. 172) in terms declares such covenants to be obligatory upon her, we have not discovered that the prior statute had been so construed as to exempt her from liability. Indeed, counsel admit that it was never so expressly decided, and yet insists that the act of 1862 was passed to remedy a seeming defect. It may be, and it is quite

likely, that it was passed to render of greater value the wife's interest in her separate property; that it was deemed best, by a positive and unequivocal declaration of the legislative will, to remove all doubt upon the question involved. The prior statutes had introduced great changes in her right to purchase and sell property, her power to carry on business, and to enter into contracts. Courts were very naturally inclined to limit her powers within the language of the enactments, and as a consequence to restrict her liability. And because of these considerations, rather than from any adjudication that she was not liable upon such a covenant, the act of 1862, as we suppose, was passed. If it had been held in that State, under the act of 1860, that she was not liable, we confess that we should have felt strongly inclined to follow such holding. The cases referred to, however, by counsel (with *Yale* v. *Dederer*, 18 N. Y. 265, at their head) do not decide the question, nor, indeed, tend to conclude it. And so it may be said of the statutes and decisions in Indiana; as there it is expressly declared, that their joint deed shall be sufficient to pass her lands "but not to bind her to any covenant therein." 1 G. & H. St. 258; *Bevins* v. *Cline*, 21 Ind. 371.

In this State the question has been more than once started, but never decided, and this simply because not necessary. Thus in *Childs* v. *McChesney* (20 Iowa, 436), it is said: "Whether under the statutory provisions, which, as respects the conveyance of real estate of married women, removes substantially all of the restraints of coverture, a *feme covert* would be liable in damages for a breach of covenant in a conveyance of *her own land*, is a question, highly important, if not difficult, and upon which (as it is unnecessary to do so) we express no opinion." *Lyon* v. *Metcalf* (12 Iowa, 93) recognizes, what is nowhere denied, that she was not liable upon the

covenants of a deed made jointly with her husband, when she joined therein merely to release her dower. And *Jones* v. *Crossthwaite* (17 id. 402), says that she owns her real property under the statute as fully as the husband owns his. As an incident thereto, she has the absolute *jus disponendi*. She may mortgage, or sell it; and it is reasonable that she should have, as she has, the power to make contracts in relation to the same. And yet it was neither held there, nor in any of the cases cited, that the deed of the wife, conveying her separate real estate, and containing covenants of warranty, would be a *contract* in relation to her separate property, within the meaning of the statute, upon which she would be liable in damages for a breach of the covenants.

Aside from the statute, it is undeniable that during coverture she could not make a contract which would bind her person or estate. And this was true of personal and real estate alike. Under the statutes which remove this disability, the questions of difficulty are — what "contracts relate to her separate property," and bind her *at law;* and how, in equity, the intention to bind shall be evinced in cases, of course, where such intention is not *expressly* declared. In the leading case above cited (*Jones* v. *Crossthwaite*), it was ruled that an executory contract to purchase property is not a contract in relation to her separate property, within the meaning of the statute. Rev. 2506.

The subsequent case (*Patton* v. *Kinsman*), following *Yale* v. *Dederer*, held that if the consideration has been obtained for the direct benefit of the separate estate, a charge thereon will thereby be created. Suppose she sells and conveys it, is the contract of sale or conveyance binding upon her? Does it relate to her separate property? We confess that if not, then her right of property would be shorn of much of its value, and the provisions

of the statute have but a limited meaning. The wife, in the case before us, owned this property in her own right, independent of her husband. Here there is no controversy. In relation to such property, it is declared that she may convey it in the same manner as other persons; that her contracts in relation thereto, do not bind her husband, that she may be sued alone where the action concerns her separate property; that if sued alone the judgment is to be enforced against her separate property, and that in a proceeding against her growing out of a contract which she could legally make, it shall not be necessary by the pleading to state facts constituting a cause of action against her, with respect to her separate property, etc.

If it be said that her inability to contract generally, is still to her the best and surest protection, the thought is without weight when applied to her separate estate or property. To hold that she may buy property, give her note therefor, and be liable thereon as though discovert, is quite another thing from holding that she may sell that which is already her separate property. The very words "in relation to her separate property," imply that she already has such property, either by inheritance, settlement, or the like, as to which, or "in relation" to which, she contracts. Before obtaining it, there is no just sense in which it can be styled "separate," nor can it be said that she contracts in relation to the estate which she does not own. But once hers, once her separate property, held by her in her own right it must be that she is to be treated in all contracts in relation to it, and every thing connected with it, as a man, and may sue and be sued in precisely the same manner.

If she had made a contract to convey this land, there could be no question as to the right of the purchaser to enforce the same. If she had undertaken to pay a sum of

money to protect the title against some paramount lien thereon, no one would doubt her liability. If, in this case, she had entered into a specific contract with plaintiff, in consideration of receiving all the purchase money, that she would protect and keep him harmless against this outstanding mortgage, it would be conceded, if the statute means anything, that she would be bound thereby; and yet, in no respect, in principle, do these cases differ from that before us. The wife sold her separate property. She undertook that it was free from all incumbrances. This contract related to her separate property. She conveyed her real property as she had a right to do, and her covenants, thus made, are just as obligatory as if she had never met her husband William, or any other man, " to take her to wife." If she takes property, would sell it, make contracts in relation to it, she must necessarily incur some obligations. If she is not liable, then no one is; and the very provision exempting the husband, recognizes her ability to make a contract which would be valid against her. *Klen* v. *Gibney*, 24 How. Pr. 31. It would be strange, indeed, if she shall be allowed to convey her interest in real estate, if the husband is to be in no manner liable,—if the law shall recognize, in more than one instance, the right to sue her alone, when the action concerns her separate property, and it shall still be true that there is no liability. She could never make a warranty deed, or if so the covenants would be valueless; purchasers would be reluctant to buy, or if willing, they would naturally and reasonably expect to have the price reduced by reason of the absence of covenants, or, what would be equally fatal, those which were of no validity. No, it must be, it is reasonable, it is just, it is in accord with the language of the statute, with its spirit and meaning, with the prior rulings of this court, that if she takes additional rights and privileges under the law, she cannot

complain if corresponding obligations follow. If this is not so, then the law presents the anomaly of giving or conferring the power to contract, without danger of liability thereon for damages resulting from its breach, and this no court should allow. The wife was not liable at common law, because she had no power to contract. That was an all sufficient reason. She can contract now and here, however, and therefore she is liable.

As to the point suggested in argument, that plaintiff did not demand or request defendants to remove the mortgage lien before discharging it, and hence should not have recovered, we remark that, as we read the record, the court found expressly "that they neglected and refused to pay the note and have the mortgage canceled," and "that such refusal was a breach," etc. The testimony is not before us, and we can only presume that this neglect and refusal was, under such circumstances, or had reference to such a demand, as thus far would fix their liability. And this is especially so, as plaintiff only discharged the mortgage after suit had been brought thereon against the mortgagor and vendee, and only recovers in this action the precise amount paid, with interest. There is no suggestion in the record that any more was paid by plaintiff, than was actually and legally due.

Affirmed.