JONES v. THE CITY OF DES MOINES ET AL.

1. **Conveyance**: DOWER: HUSBAND AND WIFE. A deed in which the wife joins in the granting clause and covenants operates, under the statute of this State, to convey all the estate of the wife in the property conveyed, including her right of dower.

*Appeal from Polk District Court.*

TUESDAY, APRIL 25.

IN January, 1854, Lewis Jones conveyed about one hundred and twenty acres of land, now situate within the limits of the

city of Des Moines, to the defendant Whitman. His wife, Martha Jones, the plaintiff, joined in the execution of the deed, and in the granting and covenanting clauses thereof, the execution of which was duly acknowledged by both husband and wife, and the acknowledgment was duly certified. The deed did not expressly state that Martha Jones relinquished her dower in the premises. Portions of the land have since been conveyed by Whitman to the other defendants. Lewis Jones died in April, 1875. His widow, Martha, now claims her dower in fee simple in the lands conveyed, and brings her action for a partition of the same.

The defendant, Whitman, answers, setting out a copy of his deed and claiming that thereby the plaintiff conveyed her dower interest in the land, and that by her deed she is bound and estopped from setting up her claim of dower. The other defendants, claiming under Whitman, make substantially the same answers. To these answers the plaintiff demurs. The court overruled the demurrer. Plaintiff appeals.

*Phillips, Goode & Phillips,* for appellant.

*Seward Smith,* for H. L. Whitman.
*Finch & Sickmon,* for Merritts.
*Wright, Gatch & Wright,* for F. R. West.
*Nourse & Kauffman,* for Pritchard.
*C. P. Holmes,* for the City.

DAY, J.—The precise question was determined, and determined, as we think, correctly, in *Edwards v. Sullivan,* 20 Iowa, 502. Appellant, however, claims that this case has been overruled by the subsequent one of *Richmond v. Tibbles and Husband,* 26 Iowa, 474. We are not able to discover any inconsistency between the two cases. Following the former of these cases, the judgment of the court below is

AFFIRMED.