HORATIO G. KNIGHT *vs.* MARY G. THAYER & others.

Hampshire.    September 18, 1877. — July 18, 1878.

A warranty deed, executed by a married woman, in accordance with the power conferred upon her by the Gen. Sts. *c.* 108, § 3, of land in which a third person has a life estate at the time, who afterwards conveys it to the grantor, is binding by way of estoppel upon her and her subsequent grantees, to the same extent as if she were unmarried.

Under a deed with covenants of warranty, a title afterwards acquired by the grantor enures by way of estoppel to the grantee, as against the grantor and his subsequent grantees.

WRIT OF ENTRY, dated February 2, 1877, against Mary G. Thayer, Benjamin E. Thayer and Lucy A. Knight, to foreclose a mortgage of land in Easthampton. The two first named tenants disclaimed title to the freehold. The tenant Knight pleaded *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the demandant, to this court, on appeal, on agreed facts, in substance as follows:

The two first named tenants are husband and wife, having been married prior to any of the transactions herein stated. The other tenant is their daughter.

The demandant claimed title under a mortgage made on December 21, 1871, by Mary G. Thayer to the demandant and George H. Sprague. The conveyance was in consideration of $1000, and was subject to a prior mortgage for $1500 held by Ebenezer Ferry. The deed contained the following covenants: "And I do for myself, my heirs, executors and administrators, covenant with the said Knight and Sprague, their heirs and assigns, that I am lawfully seised in fee of the aforegranted premises; that they are free of all incumbrances, except the mortgage above stated, that I have good right to sell and convey the same to the said Knight and Sprague and that I will warrant

and defend the same premises to the said Knight and Sprague, their heirs and assigns forever, against the lawful claims and demands of all persons." The condition was the payment of a promissory note of $1000 by the grantor on July 1, 1872. Benjamin Thayer signed the deed, and his name appeared in the testimonium clause in token of his assent, but did not appear as grantor. Sprague's interest has since been assigned to the demandant.

On May 2, 1864, Benjamin E. Thayer conveyed the land, by a mortgage deed with power of sale, to Ebenezer Ferry. On June 19, 1869, Benjamin conveyed the land to one Clark, who, on July 12 following, conveyed it to Mary G. Thayer. On August 6, 1874, Frances A. White, who is now living, and who then, and at the time of the mortgage to Ferry, had a valid life estate in the land, conveyed the same to Mary G. Thayer. On August 24, 1874, Ferry, for breach of condition in the mortgage to him, sold the land, under the power, to William G. Bassett, and executed a deed thereof to him; but neither Bassett nor any one claiming under him, has ever been in actual possession of the land. On January 1, 1875, Mary G. Thayer conveyed the premises, including the life estate, to Lucy A. Knight, as whose tenant, Benjamin is in possession. All the above mentioned deeds were recorded at or about their dates.

"Any fact or deed recited, which would not be admissible against objection, is not to be taken as admitted. When any party would be bound by the rules of law, by estoppel or rebutter, the same are to apply in the determination of this case." Such judgment is to be entered as the court shall order.

*W. G. Bassett*, for the demandant.

*G. D. Robinson & L. E. Hitchcock*, for Lucy A. Knight.

GRAY, C. J. By the common law of Massachusetts, the warranty deed of a married woman, though executed in such form as to convey her title. did not operate against her by way of covenant or of estoppel; because she was incapable of binding herself by covenant of warranty or by agreement to convey her real estate. *Wight* v. *Shaw*, 5 Cush. 56. *Lowell* v. *Daniels*, 2 Gray, 161. *McGregor* v. *Wait*, 10 Gray, 72.

But by the Gen. Sts. *c.* 108, § 3, every married woman is made capable of bargaining, selling and conveying her separate

real and personal property, entering into any contracts in reference to the same, and suing and being sued in all matters relating thereto, in the same manner as if she were sole, with no other restriction than being required to obtain the assent of her husband, or the approval of a judge of this or of the Superior or Probate Court, to any conveyance of shares in a corporation, or of real property, except a lease for not more than a year. Any conveyance or contract executed by a married woman in accordance with the power thus conferred is binding upon and may be enforced against her to the same extent as if she were unmarried. *Baker* v. *Hathaway*, 5 Allen, 103. *Basford* v. *Pearson*, 7 Allen, 504. *Faucett* v. *Currier*, 109 Mass. 79. *Merriam* v. *Boston, Clinton & Fitchburg Railroad*, 117 Mass. 241. *Richmond* v. *Tibbles*, 26 Iowa, 474.

It has been the settled law of this Commonwealth for nearly forty years, that, under a deed with covenants of warranty from one capable of executing it, a title afterwards acquired by the grantor enures by way of estoppel to the grantee, not only as against the grantor, but also as against one holding by descent or grant from him after acquiring the new title. *Somes* v. *Skinner*, 3 Pick. 52. *White* v. *Patten*, 24 Pick. 324. *Russ* v. *Alpaugh*, 118 Mass. 369, 376. We are aware that this rule, especially as applied to subsequent grantees, while followed in some states, has been criticised in others. See Rawle on Covenants, (4th ed.) 427 *& seq.* But it has been too long established and acted on in Massachusetts to be changed, except by legislation.

The necessary conclusion is that, under the mortgage with full covenants of warranty, executed by Mrs. Thayer with her husband's assent, the demandant is entitled to the demanded premises as against her and her husband, and also as against Mrs. Knight, to the extent of the interest since acquired by Mrs. Thayer and conveyed by her to Mrs. Knight.

*Judgment affirmed.*