FRANK SMITH & CO. v. ELIZABETH H. WEEKS.

GENERAL TERM, 1892.

*Married woman.    Estoppel to deny representation that she
        is carrying on business.*

A married woman who contracts a debt upon the representation
    that she is carrying on a business in her own name about
    which the indebtedness is being contracted, cannot after-
    wards show in defence of such debt that her representations
    were in fact untrue.

Assumpsit.    Heard upon the report of a referee at the
March term, Essex county, 1892, ROWELL, J. presiding.
Judgment for the plaintiffs.    The defendant excepts.

The suit was predicated upon a promissory note given in
part payment for two lots of corn.    The defendant was a
married woman whose husband was engaged in logging
and had failed in this business the previous season.    In
point of fact he had taken another job the season in question
and the corn was received and used by him in that job.
When she ordered the corn, the defendant represented to
the plaintiffs that she had taken the logging job in her own
right, and that her husband had nothing to do with it, and
the plaintiffs furnished the corn on the strength of these
representations.

*Bates & May* for the defendant.

The defendant was a married woman and was not carry-
ing on business in her own name.    Hence she is not bound.

*Rood* v. *Willey*, 58 Vt. 474 ; *Prosper* v. *Cobb*,. 104 Mass. 589 ; *Hoagland* v. *Sequin*, 38 N. J. L. 237 ; *Parker Mills* v. *Comrs.*, 23 N. Y. 244 ; *Harris* v. *State*, 50 Ala. 130 ; *Goddard* v. *Chaffee*, 2 Allen 395 ; *Moore* v. *State*, 16 Ala. 413 ; *Duncan* v. *Robertson*, 5 Miss. 396 ; *Snow* v. *Sheldon*, 126 Mass. 334 ; *Brown* v. *Sumner*, 30 Vt. 671 ; *Hayward* v. *Barker*, 52 Vt. 429 ; *Hubbard* v. *Bugbee*, 55 Vt. 506 ; *Priest* v. *Cone*, 51 Vt. 495 ; *Garity* v. *Wilder*, 57 Vt. 239 ; *Wright* v. *Burroughs*, 61 Vt. 390 ; *Storey* v. *Donney*, 62 Vt. 243.

She is not estopped by her representations to show the truth. *Doran* v. *Smith*, 49 Vt. 353 ; *Gilson* v. *Spear*, 38 Vt. 311 ; *Woodward* v. *Barnes and wife*, 46 Vt. 332 ; *Whitcomb* v. *Joslyn*, 54 Vt. 79 ; *Conrad* v. *Lane*, 26 Minn. 389 ; *Kline* v. *Caldwell*, 91 Penn. St. 140 ; *Cupp* v. *Campbell*, 103 Ind. 213 ; *Lovell* v. *Daniels*, 2 Gray 161 ; *Bemis* v. *Call*, 10 Allen 512 ; *Plumer* v. *Lord*, 5 Allen 460 ; *McGregor* v. *Wait*, 10 Gray, 72.

*William Heyward* and *J. I. Williams* for the plaintiffs.

The plaintiffs furnished this corn to defendant upon the strength of her representation that she was carrying on business in her own name. She is now estopped to deny the truth of this representation. *Sargeant* v. *French*, 54 Vt. 385 ; *Hubbard* v. *Bugbee*, 55 Vt. 508.

The opinion of the court was delivered by

START, J. R. L., s. 2,321, provides that a married woman carrying on business in her own name may sue and be sued in all matters connected with such business in the same manner as if she were unmarried. Under this statute, the defendant had authority to bind herself in respect to all matters connected with business carried on by her in her own name. She could bind herself in respect to such busi-

ness as she represented to the plaintiffs that she was carry-
ing on, and she having, at the time or just before the corn
was delivered, and in connection with the transaction, repre-
sented to the plaintiffs that she had taken a logging job, and
that she wanted grain to use in connection with the job she
had taken, and the plaintiffs having relied and acted upon
these representations, she cannot, for the purpose of avoid-
ing payment, be heard upon the question of whether her
representations were true or false.    She had authority to
engage in the business she represented she was undertaking,
and the plaintiffs had a right to rely upon her statements
and were not bound to inquire further.    Married women
cannot enjoy the enlarged rights of action and of property
given by our statute and remain irresponsible for the ordi-
nary results of their conduct.    Incident to the powers given
to married women by our statute is the capacity to be bound
and to be estopped by their conduct.    *Sargeant* v. *French*,
54 Vt. 385 ; *Brown* v. *Thomson*, 31 S. C. 436 (17 Am.
St. Rep. 40) ; *Lane* v. *Schlemmer*, 114 Ind. 296 (5 Am. St.
Rep. 621) ; *Knight* v. *Thayer et al.*, 125 Mass. 25 ; *Patter-
son* v. *Lawrence*, 90 Ill. 174 (32 Am. Rep. 22) ; *Rusk* v.
*Fenton*, 14 Bush. 490 (29 Am. Rep. 413).

    *Judgment affirmed.*