SAMUEL B. HUZZEY *vs.* EDWARD HEFFERNAN.

Essex.   Nov. 4, 1886. — Jan. 6, 1887.   DEVENS, W. ALLEN, & GARDNER, JJ., absent.

A. mortgaged land to B., subject to a prior mortgage to a bank, and excepted from the covenant of warranty in the second mortgage any claims under the prior mortgage.  The bank foreclosed the first mortgage, and, under a power of sale contained therein, sold the land to C., who subsequently conveyed the land to the bank, by which it was again conveyed to A., and it afterwards, by mesne conveyances, was acquired by D.  *Held*, that B. could not maintain a writ of entry against D. to recover the land.

WRIT OF ENTRY to recover a parcel of land in Lynn.   Plea, *nul disseisin*.   The case was submitted to the Superior Court,

and, after judgment for the tenant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*D. O. Allen*, for the demandant.

*W. R. Howland*, for the tenant.

MORTON, C. J. The demandant claims under a mortgage to him from one Blethen, dated in November, 1874. When this mortgage was given, the estate was subject to a prior mortgage to the Warren Five Cents Savings Bank. The mortgage to the demandant is expressly made subject to the prior mortgage; it contains no general warranty, but the covenant is that the grantor will warrant and defend the premises against the lawful claims and demands of all persons except those claiming under the prior mortgage. In July, 1878, the savings bank foreclosed the first mortgage, and, under the power of sale contained therein, duly sold the premises to one Osborne. Without doubt, this sale terminated the demandant's interest in the premises, and vested in Osborne an estate in fee free from the demandant's mortgage or any right of redemption in the mortgagor or his subsequent grantees. Subsequently, Osborne conveyed the premises to the savings bank, and, in September, 1878, the bank conveyed the premises to said Blethen. Afterwards the premises were conveyed, through several intermediate conveyances, to the tenant.

The demandant contends that, when the premises were conveyed to Blethen by the bank, his mortgage title revived and attached to the premises, on the ground that Blethen was estopped by his warranty to deny the demandant's title under his mortgage. We know of no principle on which this claim can be sustained. It is well settled that, if a man conveys, with full covenants of warranty, land to which he has no title, or an imperfect title, and he afterwards acquires a good title, his after acquired title enures to the benefit of his grantee in the prior deed, upon the ground that he is estopped to say that he was not seised in fee of the estate which he has conveyed with warranty. *Somes* v. *Skinner*, 3 Pick. 52. *White* v. *Patten*, 24 Pick. 324. *Russ* v. *Alpaugh*, 118 Mass. 369. *Knight* v. *Thayer*, 125 Mass. 25. This rule rests upon the ground that a man shall not be permitted to allege a fact to be different from what he has expressly asserted it to be in his own deed.

But, in the case before us, Blethen, in his deed to the demand-ant, did not warrant against all titles. On the contrary, he expressly excepts from his warranty the title under the mortgage to the savings bank. In asserting that title, afterwards acquired by him, he does not allege anything inconsistent with his assertions in his deed. He asserts in his deed that the prior mortgage is a paramount title. To give the doctrine of estoppel the operation which the demandant claims, would be to enlarge Blethen's covenant to a general covenant of warranty.

By the deed from the savings bank, Osborne took a title in fee paramount to the demandant's title; this paramount title could be and was conveyed to Blethen, who has done nothing to estop himself from asserting this title. The demandant, therefore, had no title as against Blethen; and it follows, of course, that he has no title as against the tenant.

*Judgment for the tenant.*