PROVOSTY, J.
In 1911 the Riverside Ice Company purchased the real estate involved in this suit. In part payment of the purchase price it executed its two notes secured by mortgage on the property. In 1912 it sold-the property to the two Russells, defendants, who assumed the payment of ■ the said two mortgage notes. This suit is on these notes; and for recognition of the mortgage.'
[1] Judgment went below as prayed, erroneously, we think, in so far as the mortgage is concerned, because some years after the sale by the Riverside Ice Company to the defendants Russell the property was sold at sheriff’s sale in foreclosure of a mortgage subject to which the'Riverside Ice Company had acquired‘it, and was adjudicated to a third person, a homestead association, who later sold it to the defendants Russell. 'As this foreclosed mortgage primed the title of the Riverside Ice Company both as held by itself and as conveyed to the Russells, the property passed to the adjudicatee at the foreclosure sale free of any mortgages the Riverside Ice Company or the Russells had consented upon it, including the one now asked to be recognized. hrom that moment this mortgage ceased to exist, and thereafter had no more existence than if having never existed. The.. homestead association sold the property to the Russells as it held it; i. e., free of this defunct mortgage.
Plaintiff does not contest the legal effect of the -foreclosure sale in extinguishing this mortgage in so far as the homestead association is concerned, but contends that in so far as the Russells are concerned it amounted to nothing more than a payment of the foreclosed mortgage debt, so that, in so far as the Russells are concerned, there was no sale, and the title continued to remain in them.
The title could not remain in the Russells while passing to the homestead association. It could not be vested at the same time both in the homestead association and in the Russells. The assertion that the foreclosure was a mere payment and not a sale, and that the title continued to remain in the Russells, is therefore nothing more or other than a denial of the plain and admitted fact that there was a sale to the homestead association.
*337 The cases cited by the learned counsel of plaintiff have application only where the mortgage debtor himself becomes the adjudicatee at the foreclosure sale; but the Rus sells were not the mortgage debtor, and were not the adjudicatee. They had never assumed payment of this mortgage. On the contrary, the Riverside Ice Company had obligated itself to have it canceled, and had furnished a bond to secure the fulfillment of that obligation.
.[2] We do not understand the contention to be made that the mortgage revived automatically as the necessary legal effect of the Russells having reacquired the property. They had not committed any fraud, or done any act which might preclude them from reacquiring the property without this mortgage reviving. They stood as free as anybody else to acquire the property from the homestead association; and, of course, to acquire it just as this association held it; I. e., free of this mortgage. This defunct mortgage could be revived only by the defeasance, recall, or abrogation of the cause from which its extinction resulted. So long as this cause, the foreclosure sale, remained intact, in full force, the mortgage, inconsistent with it, remained defunct.
The judgment appealed from is therefore erroneous in so far as it recognizes the mortgage.
But it is correct in so far as it condemns the defendants to pay the balance due on the notefe.
L3, 4] Their defense to this part of the demand is that the consideration of the notes has failed, and that they were acquired by the plaintiff in bad faith, that is with full knowledge of the infirmity from which the failure of consideration has resulted.
The history of the matter is as follows: The property in question was sold to the Riverside Ice Company by the Security Brewing Company. The latter company had issued $50,000 of bonds, and had secured same by mortgage on this and other property. At the time of the sale by the Security Brewing Company to the Riverside Ice Company, these bonds were outstanding, and ,the mortgage securing them was in full force; and $42,500 of them was held by the plaintiff, the Commercial Trust & Savings Bank, as trustee. In order that the sale might be effected, the plaintiff bank canceled this $50,000 mortgage to the extent of the $42,500, of the bonds held by itself as trustee, and received the price of the sale, consisting of $1,400 in cash, and three notes of $1,400 each, two of which áre the notes now being sued on. The $50,000 mortgage remained uncanceled for that part, $7,500, of which the plaintiff was not trustee ; and the property passed to the Riverside-Ice Company subject to this uncanceled part. But the Riverside Ice Company did not assume payment of this uncanceled part; on the contrary, the Security Brewing Company obligated itself to have it canceled, and furnished a bond, with surety, to secure the performance of that obligation. The Security Brewing Company did not fulfill that obligation ; and the Riverside Ice Company; which consisted mainly of the two defendants Russell, neglected to enforce the obligation, and let the bond that had been given to secure its performance run out and lapse, and eventually this uncanceled part of the $50,000 mortgage was foreclosed, and the property was sold at foreclosure sale to a homestead association, and on the same day was sold by that association for cash to the defendants Russell.
It will be noted that the Security Brewing Company sold this property to the Riverside Ice Company for $5,’600, subject to a mortgage of $7,500 which the Riverside Ice Company did not assume the payment of, but which, on the contrary, the Security Brewing Company obligated itself to cause to be canceled, and that by the foreclosure of said *339 mortgage the Riverside Ice Company’s vendees, the Russells, were eventually evicted. Under these circumstances it is clear that, as between the Security Brewing Company and the Riverside Ice Company and its vendees, the Russells, the consideration of the notes sued on has failed. The Security Brewing Company was warrantor of the title, and manifestly therefore could not compel its vendee to pay the price of the property, after its vendee had been evicted by the foreclosure of a mortgage which it had itself put upon the property, and which the vendee had not assumed.
But the plaintiff bank does not stánd in the shoes of the Security Brewing Company. It received the notes in its capacity of trustee for the owners of the $42,500 of mortgage bonds, and immediately paid over to these owners the full face value of the notes, thereby ceasing to hold them as trustee, and becoming their owner before maturity for full face value. At that time there was in the hands of the Riverside Ice Company a perfectly good bond securing the obligation of the Security Brewing Company to cancel the $7,500 mortgage, and no one had the slightest suspicion that this $7,500 would not be in due course canceled.
Granting that, having been present at the sale, it received the notes with full knowledge of all the circumstances, and granting this knowledge which it thus had as trustee was imputable to itself as purchaser of the notes, and granting, furthermore, for the argument, that this knowledge of an infirmity which might eventually cause the consideration of the notes to fail was inconsistent with good faith, precluded good faith in purchasing the notes, still plaintiff is entitled to recover. Eor the notes were in reality received by plaintiff, not from the Security Brewing Company, but from the Riverside Ice Company ; for they did not represent the price of the property so much as a payment pro tanto of the $50,000 mortgage which rested upon the property, and primed the title of the Security Brewing Company. The mortgage far exceeded the value of the property, o that the Security Brewing Company did not even have an equity.
And, again, the eviction of the defendants resulted from their own negligence in not enforcing the obligation of the Security Brewing Company (secured by a good bond) to have the $7,500 mortgage canceled; and they cannot be allowed to visit upon the plaintiff, who acquired the notes in the most perfect actual good faith, the consequences of their own negligence. ■
The judgment appealed from is therefore set aside in so far as it recognizes the mortgage claimed by the plaintiff, and the demand of plaintiff for recognition of mortgage is rejected and dismissed; and the said judgment is otherwise affirmed. The costs of the appeal to be paid' by plaintiff.
For opinion of MONROE, C. J., concurring in part and dissenting in part, see 89 South. 833.