PARKER, FLENNIKEN & CLAIBORNE et al. v. A. T. THACKER, Trustee, et al.

Eastern Section. June 10, 1932.

Petition for Certiorari denied by Supreme Court, October 19, 1932.

554

Joe C. Thomason, of Knoxville, for appellant.

A. E. Mitchell and Hoke Lee Mynatt, both of Knoxville, for appellee.

SENTER, J.  Complainants filed the original bill in this cause against the defendants for the purpose of enjoining the defendant A. T. Thacker, Trustee, and the holders of certain notes executed by defendants S. B. Kirkpatrick and J. L. Kirkpatrick, from foreclosing a certain deed of trust claimed to have been held as security for certain notes, and to have a trust deed executed by S. B. and J. L. Kirkpatrick held and decreed to be superior to said trust deed executed to A. T. Thacker, and for other purposes.

The bill alleges in substance that W. N. Anderson, a former owner of the tract of land described in the bill, executed a trust deed on November 7, 1929, to W. T. Claiborne and D. B. Rothrock, Trustees, to secure an indebtedness amounting to $1700, evidenced by three notes bearing even date therewith, payable to complainant and due one year after date, said notes being for the sum of $1,000, $500

and $200, respectively; that on February 11, 1930, W. N. Anderson conveyed said property to. defendants, J. L. Kirkpatrick and wife, S. B. Kirkpatrick, by warranty deed, which said deed recited a consideration of $1 cash, and the assumption of said $1700 indebtedness to complainant, evidenced by the notes above referred to, and the taxes on said property, and the further consideration of $1300, evidenced by a series of sixteen notes, payable to said W. N. Anderson; that concurrently with the execution of said deed by W. N. Anderson to J. L. Kirkpatrick, the defendants J. L. Kirkpatrick and wife, S. B. Kirkpatrick, executed a trust deed on said property to A. T. Thacker, Trustee, said trust deed bearing the same date as the deed of conveyance, and duly recorded, to secure the payment of said sixteen notes to W. N. Anderson, but being subject to the $1700 prior encumbrance on said property to complainant, Parker, Flenniken and Claiborne. The bill further alleges that the semi-annual interest on the said $1700 of notes payable to complainants matured on May 7, 1930; that J. L. Kirkpatrick and S. B. Kirkpatrick did not pay said semi-annual interest, but defaulted therein; that complainant having learned that defendants J. L. and S. B. Kirkpatrick had executed said second mortgage to the defendant, A. T. Thacker, Trustee, advised the agents of the holders of said notes that the interest maturing on their debt in May, 1930, had not been paid, and that unless the second mortgage holder paid the interest, that complainants would proceed to foreclose their first mortgage; that the trustee in the second mortgage and the holders of the $1300 of notes secured by the second mortgage, or J. L. and S. B. Kirkpatrick did not pay said interest on said note to complainant; that whereupon complainant thereafter advertised said property for sale under said trust deed executed by said W. N. Anderson, and gave notice to the defendant A. T. Thacker, Trustee, and the agent for the defendant, Ruth Carringer, the holder of nearly all of said $1300 notes secured by the second mortgage, of said proposed sale under said first mortgage advising them of the time and place of said sale; that said property was accordingly advertised to be sold under the terms of said first mortgage or trust deed, and notices thereof duly posted as provided in said trust deed, of the date, time and place of said sale; and that pursuant thereto, W. T. Claiborne, trustee under said first mortgage, conducted said public sale and the same was bid in by complainant, Parker, Flenniken & Claiborne, at its bid of $1,000, that being the highest and best bid on said property at said sale. The bill further alleges that after complainant had become the purchaser of said property at said foreclosure sale, the defendant S. B. Kirkpatrick, the wife of J. L. Kirkpatrick, advised complainants that she had made arrangements to procure some of the funds; that she could pay up the interest, taxes

and expenses of said sale, and proposed to purchase said property if complainant, Parker, Flenniken & Claiborne would sell same to her on terms; that complainants then sold said tract of land to said defendant S. B. Kirkpatrick by deed dated October 14, 1930, recorded in the Register's Office of Knox County, Tennessee, that said conveyance was made to said S. B. Kirkpatrick free from encumbrances except the taxes remaining unpaid, and that said deed recited a consideration of $1800 paid. The bill further alleges that said $1800 recited as the consideration paid, was not in fact paid, and that in lieu of $1700 of said consideration, said S. B. Kirkpatrick and J. L. Kirkpatrick executed to complainants W. T. Claiborne and D. B. Rothrock, Trustees, a trust deed concurrently with the execution of said deed from complainant, Parker, Flenniken & Claiborne, to S. B. Kirkpatrick, bearing the same date, to secure the balance of the purchase price of $1700 to complainant, Parker, Flenniken & Claiborne; that said $1700 evidenced by three notes bearing even date with the deed of conveyance and the trust deed, October 14, 1930, and due and payable one year after date, said notes being respectively for the sum of $1,000, $500 and $200; that said trust deed was duly recorded in the Register's Office of Knox County, Tennessee, concurrently with and immediately following the deed of conveyance from complainant, Parker, Flenniken & Claiborne, to defendant S. B. Kirkpatrick, in Trust Deed Book 480, page 5.

It is further alleged by complainant that the defendants A. T. Thacker, trustee, under said second trust deed, executed by defendant J. L. and S. B. Kirkpatrick, to secure the $1300 series of notes, had advertised said property for sale under said trust deed, and that the property was advertised to be sold as being sold under a first mortgage on said property, and that defendants Ruth Carringer and Fort Sanders Hospital, were claiming that their said notes are now secured by a first mortgage; that the said mortgage to defendant A. T. Thacker, Trustee, is superior to and has priority over the trust deed executed by S. B. Kirkpatrick and husband to W. T. Claiborne and D. B. Rothrock, Trustee, securing the $1700 indebtedness payable to complainant, Parker, Flenniken & Claiborne, and that a sale of said property under said trust deed as advertised as being sold as a first mortgage would be a cloud upon the title of complainant, and that unless restrained by writs of injunction that said trustee under said second mortgage would proceed to sell said property and execute a trustee's deed to the purchaser thereto.

Other allegations are contained in the bill unnecessary to be referred to at this time. The bill prays that the rights of the respective parties be declared and decreed, and that the notes executed to complainant and secured by the trust deed of October 14, 1930, be de-

clared and decreed to have priority over and to be superior to said note executed by J. L. and S. B. Kirkpatrick to W. N. Anderson and the trust deed to A. T. Thacker, as trustee, and that if necessary the said trust deed securing the $1700 of complainant's notes, be reformed so as to show a vendor's lien to secure said indebtedness of $1700 described and secured in said trust deed from S. B. Kirkpatrick and husband, to complainant W. T. Claiborne, and D. B. Rothrock, Trustees; and prays for the injunctive relief restraining Thacker, Trustee, from selling said property under said second trust deed or mortgage.

The defendants Ruth Carringer and the Fort Sanders Hospital, filed a joint answer to the bill, wherein the Fort Sanders Hospital alleged ownership of one of said notes of the $1300 series executed by J. L. and S. B. Kirkpatrick on February 11, 1930, for the principal sum of $125, and Ruth Carringer alleged ownership of the remainder of said notes. The answer admits that defendant Ruth Carringer caused foreclosure notices to be posted advertising a sale of the property by the trustee in said trust deed, as alleged in the bill. The defendants deny that the proceedings in the original bill, even if done in good faith are sufficient to cut off or destroy the validity of their trust deed, but assert and allege that the same remains in full force and effect as a first mortgage on said property, but under all events as a second mortgage. The answer of these defendants allege that S. B. and J. L. Kirkpatrick connived and colluded with the complainants and that the scheme was concocted to deprive these defendants of their security as the owners and holders of the $1300 notes referred to; and that the foreclosure sale under date of October 4, 1930, and the transfers made thereafter were a part of said scheme and if, on account thereof, the defendants had gained any advantage it was without any wrongdoing on their part. The answer of these respondents closes with the statement that all other matters not therein specifically admitted or denied, are generally denied.

The defendant A. T. Thacker filed a very brief and formal answer, in which he states that he knows nothing of the matters alleged in the original bill, except that he was designated and named as trustee in a certain deed of trust executed on or about February 11, 1930, and of record in the Register's Office of Knox County, Tennessee; that pursuant to a request from the defendant, Ruth Carringer, there was prepared and posted the foreclosure notice advertising the property described in the trust deed for sale on December 10, 1930. The defendants S. B. and J. L. Kirkpatrick did not answer the bill.

In support of the allegations of the original bill complainants took the depositions of W. T. Claiborne, J. L. Kirkpatrick and Mrs. S. B. Kirkpatrick. The defendants did not offer any evidence. At the

hearing of the cause the Chancellor held and so decreed that the evidence sustained the allegations in complainant's bill, and that the bill should be sustained, and further held and decreed that the defendants Ruth Carringer, Fort Sanders Hospital, and A. T. Thacker had no equity in this cause. The decree further recites:

"It is, therefore, ordered, and decreed by the court that the complainant's bill be and the same is hereby sustained, and the mortgage of $1700 of record in the Register's Office of Knox County, Tennessee, in Trust Book 480, page 5, held by the complainant, Parker, Flenniken & Claiborne, is a good, valid, and subsisting first mortgage on the property described in the first paragraph of the complainant's bill.

"The court is also of the opinion, and it is so ordered, adjudged and decreed that the foreclosure sale of the property in question on October 4, 1930, cut off and forever barred any and all rights and claims whatsoever secured by the mortgage executed by J. L. Kirkpatrick and S. B. Kirkpatrick to A. T. Thacker, Trustee, on February 11, 1930, which is of record in the Register's Office of Knox County, Tennessee, in Trust Book 473, page 41, and that said notes executed by the said J. L. Kirkpatrick and S. B. Kirkpatrick are hereby declared null and void."

The defendant Ruth Carringer, excepted to the decree, and prayed and was granted an appeal to the Eastern Section of this court, and has perfected her appeal, and has assigned errors. By the first assignment of error it is said that the Chancellor erred in failing and refusing to dismiss complainant's bill at the hearing, because there was no proof before the court that the complainants had any interest whatever in the farm in controversy, and no proof that complainants would be harmed or damaged by or on account of the foreclosure proceedings instituted by the defendants Carringer and others. By the second assignment of error it is charged that the court erred in attempting to construe and interpret an alleged mortgage "reputedly of record in Trust Book 480, page 5, in the Register's Office of Knox County, Tennessee." Because no such mortgage was before the court, the same not having been introduced in evidence, and no effort having been made to prove its contents. By the third assignment the action of the court is challenged in holding: "the mortgage of $1700 of record in the Register's Office of Knox County, Tennessee, in Trust Book 480, page 5, held by the complainant, Parker, Flenniken & Claiborne is a good, valid and subsisting first mortgage on the property described in the first paragraph of defendants' bill." Under this assignment it is said that no such mortgage was before the court, the same never having been introduced in its original form, nor by a certified copy, or any copy offered in evidence, and no ef-

fort to prove its contents. It is further contended under this assignment that the holding and the decree above quoted is erroneous for the further reason that if there had been proof in the record that such a mortgage or trust deed had been duly executed as claimed, and had been duly recorded, as alleged in the original bill, the same would have been subordinate to the trust deed to A. T. Thacker, Trustee, securing the notes held by the defendant Ruth Carringer and Fort Sanders Hospital, which said trust deed to A. T. Thacker, Trustee, was executed by the same parties and was already of record in the Register's Office and covered the same property, and that consequently that when the deed from Parker, Flenniken & Claiborne to the Kirkpatricks, was executed and recorded, said trust deed to A. T. Thacker at once came into full force and seized upon said property.

By the fourth assignment it is claimed that the Chancellor further erred in holding as follows: "The foreclosure sale of the property in question on October 4, 1930, cut off and forever barred any and all right and claim whatsoever secured by the mortgage executed by J. L. Kirkpatrick and S. B. Kirkpatrick to A. T. Thacker, Trustee, on February 11, 1930, which is of record in the Register's Office of Knox County, Tennessee, in Trust Book 473, page 41;" and by the fifth assignment it is said that the Chancellor further erred in holding: "and the said notes executed by the said J. L. Kirkpatrick and S. B. Kirkpatrick are hereby declared null and void."

These several assignments of error present the questions to be determined on this appeal.

The material facts alleged in the bill are supported by the evidence, and from which it appears that W. N. Anderson formerly was the owner of the tract of land in question, and on November 7, 1929, he executed a trust deed on the land to secure the three notes aggregating $1700 payable on or before November 7, 1930, to complainant, Parker, Flenniken & Claiborne, Inc., naming W. P. Claiborne and D. B. Rothrock, as trustee in said trust deed. On February 11, 1930, W. N. Anderson conveyed the tract of land to J. L. Kirkpatrick and wife, S. B. Kirkpatrick, who as a part of the consideration for said conveyance assumed the payment of the $1700 evidenced by notes and secured by the trust deed referred to, and executed their joint notes for the sum of $1300 covered by a series of sixteen notes. One of these notes came into the hands of the Fort Sanders Hospital, and the remainder of the $1300 of notes were acquired by defendant Ruth Carringer, who were the holders of said notes.

Contemporaneously with the execution of the deed of conveyance by Anderson to J. L. Kirkpatrick, et ux., they in turn executed a trust deed on said property to secure the series of notes for $1300, naming A. T. Thacker, as trustee in said trust deed. It also appears

that the interest on the $1700 of indebtedness held by complainant Parker, Flenniken & Claiborne, and secured by said trust deed, was payable semi-annually, and that default was made in the payment of the semi-annual interest in May, 1930; that the holder of said notes notified the defendants Kirkpatrick and wife, and Thacker, the trustee, and also a brother-in-law of defendant Ruth Carringer, that default had been made in the payment of the interest and that unless the same was paid the property would be advertised and sold under the first trust deed. The interest was not paid, and Claiborne, the trustee in the trust deed, acting upon the direction of Parker, Flenniken & Claiborne, proceeded to post the notices advertising the sale of the property under the terms of the trust deed, and notified J. L. and S. B. Kirkpatrick and also Thacker, the trustee under the second mortgage, of the time and place of the sale as advertised. The trustee, Claiborne, sold the property at public sale at the time and place advertised, and at which sale complainant, Parker, Flenniken & Claiborne, Inc., became the purchaser at the price of $1,000, and the trustee executed to said complainant a deed to said property. The effect of this sale was a fee simple conveyance of the title to the purchaser free from any encumbrances thereon.

The purchaser at a foreclosure sale of mortgaged property takes the mortgagor's title divested of all encumbrances made since the creation of the power. 5 Thompson on Real Prop., sec. 4838, page 1115.

The trust deed to Thacker was a second mortgage to secure the $1300 of serial notes, and was subsequently executed by J. L. and S. B. Kirkpatrick after their purchase of the property from W. N. Anderson, who had previously executed the trust deed to secure the $1700 indebtedness evidenced by the notes payable to complainant, Parker, Flenniken & Claiborne. The second mortgage could only cover such equity as remained after satisfying the debt secured by the first mortgage. There is no effort to show that the foreclosure of the first mortgage was irregular, except the averments in the answer that it was the result of collusion between complainants and the Kirkpatricks. But no evidence offered to support that averment in the answer. The holders of the $1300 serial notes did not attempt to protect this debt by bidding on the property or by having anyone else present to bid on the property. They evidently considered that the first mortgage covered the value of the property, else there would have been some attempt to have protected the security for the notes they held.

It thus appears that complainant, Parker, Flenniken & Claiborne became vested with a fee simple title to this property, and free from any encumbrances thereon, under the conveyance made by the trustee pursuant to the sale by the trustee, Claiborne. The learned Chan-

cellor held, and we think properly, that this sale had the effect of wiping out and discharging the second mortgage securing the $1300 series of notes.

By certain of the assignments of error it is urged that there is no evidence in the record to warrant the decree of the Chancellor that in selling this property back to S. B. Kirkpatrick, wife of J. L. Kirkpatrick, that they then executed notes amounting to $1700, and at the same time and contemporaneously therewith, secured said notes by executing a first mortgage or trust deed on said property and that same was duly recorded in the Register's Office of Knox County, Tennessee. It is true the record does not show that this trust deed was introduced in evidence. The answer of thse defendants did not deny that the sale had been made to S. B. Kirkpatrick or that they had in turn executed a trust deed over on the property to secure the deferred purchase notes, but alleges that the proceedings detailed in the original bill were insufficient, even if done in good faith, to cut off or destroy the validity of their trust deed. It is true that the concluding clause recites that all matters not specifically admitted or denied, are generally denied. But in view of the statement contained in the answer with reference to the alleged transactions as set out in the bill, in addition to an apparent recognition that such instruments were executed as set out in the bill, the answer on this subject contains a further statement: ''Further answering, these defendants show to the court that their co-defendants, to-wit, S. B. and J. L. Kirkpatrick, connived and colluded with the complainant, and that they concocted a scheme contemplated and planned to deprive these defendants of their security, and that the foreclosure sale under date of October 4, 1930, and the transfers made thereafter were a part of said scheme so perniciously made, and if, on account thereof, these defendants had gained some advantage it is without any wrongdoing on their part, as they come into court with clean hands. . . .''

Mr. Claiborne testified, and on this subject he stated with reference to the execution of the notes and the cash payment of $145, and the execution of the trust deed, and there was no exception or objection to his evidence on that subject. At no time did the defendants make any question that no such trust deed had been executed, but it seemed to have been conceded both in the answer, and by a failure to object to the evidence on the subject when introduced. In this situation we do not think that the defendants can make the question for the first time on this appeal, or put the Chancellor in error, by so doing. Hence, we find no error in the decree of the Chancellor in holding and decreeing that the mortgage of $1700 of record in the Register's Office of Knox County, Tennessee, in Trust Book 480, page 5, securing the $1700 of notes to complainant Parker,

Flenniken & Claiborne, is a good, valid and subsisting first mortgage on the property described in the bill, and all assignments of error directed to that holding and that portion of the decree of the Chancellor are accordingly overruled.

We are also of the opinion that there was no error in the decree of the Chancellor to the effect that the foreclosure sale of the property in question under the first trust deed "cut off and forever barred any and all rights and claims whatever secured by the mortgage executed by J. L. Kirkpatrick and S. B. Kirkpatrick to A. T. Thacker, Trustee, on February 11, 1930, which is of record in the Register's Office in Knox County, Tennessee, in Trust Book 473, page 41." However, we are of the opinion that the Chancellor was in error in holding and decreeing as follows: ". . . and that said notes executed by the said J. L. Kirkpatrick and S. B. Kirkpatrick are hereby declared null and void." While the trust deed securing these notes had become extinguished by the sale of the property by the trustee under the first trust deed, this could not have affected the validity of the notes secured by said trust deed. So far as disclosed by this record, these were valid notes and executed for a valuable consideration. Besides, this was not a question made by the pleadings. It was not a matter of any concern to the complainant, and was, therefore, we think outside of the purview of the pleadings, and coram non judice. Nor do we think that a decree could be rendered under the pleadings in this cause that would settle or adjudicate the rights as between the appellant Ruth Carringer and J. L. and S. B. Kirkpatrick, further than to decree that whatever rights they may have, if any, are subordinate to the rights of complainant, and that complainant's trust deed is in the status of a first trust deed or mortgage on this property to secure the $1700 of indebtedness representing the unpaid purchase price as the consideration for the conveyance from Parker, Flenniken & Claiborne, Inc., to S. B. Kirkpatrick.

To this extent the decree of the Chancellor is modified, and as herein modified, affirmed. One-half of the cost of this appeal will be paid by complainants, the appellees herein, and the other one-half by Ruth Carringer, the appellant herein, she having appealed in forma pauperis.

Heiskell and Owen, JJ., concur.