HOME OWNERS' LOAN CORPORATION *v.* GUARANTY TITLE TRUST CO.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

CHARLES L. CORNELIUS, JOS. W. BYRNS, JR., and ANDREW EWING, all of Nashville, for appellant.

LOUIS LEFTWICH and F. A. WASHINGTON, both of Nashville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainant is a federal loan agency, and files this bill seeking a declaration by way of assurance of title to lands mortgaged to it, in trust deed form, to secure loans of money made to burdened debtors who had previously incumbered their property and fallen into default and suffered foreclosure.

The conditions as to which a declaration is sought, as set forth in the bill, may be thus illustrated:

A, owning land unincumbered, makes and records a first mortgage thereon with power of sale, to secure a debt to B. He thereafter makes and records a second

mortgage on the same land to secure a debt to C. (It does not appear, in the case presented, whether or not the second mortgage contained warranties against incumbrances; the pertinency of this being hereafter made to appear.) Following default, the land is lawfully sold under the power of sale in the first mortgage and bought in by, or for, B. Subsequently, complainant corporation, upon the consent of B to accept securities issued by it in satisfaction of its original mortgage debt, takes from A a mortgage of the same land to secure said debt—in effect a redemption—the land being conveyed to A by B in order that he may so mortgage it, pursuant to and in execution of this plan, the conveyances by B to A, and by A to secure complainant being practically contemporaneous in execution and registration. May C assert a claim against the title thus conveyed to complainant, based on his unsatisfied second mortgage, superior to that of complainant corporation?

The case thus illustrated is, as we conceive, that presented by the bill. However, the prayer of the bill in its second paragraph thus specifically states the matter:

"Second: That your Honor declare and decree that in a case where real estate is encumbered by two liens, one inferior or subordinate to the other, either by the express terms of the instruments establishing the same, or as a matter of law, securing indebtedness owing by the same party in whom title to the property is vested, when a foreclosure sale under the prior or superior lien has occurred in a regular manner, either by advertisement and foreclosure sale as provided in the instrument establishing the lien, or by proper court proceedings, and, thereafter, the original lienor by a mesne con-

veyance or conveyances becomes reinvested with the title to the property, the inferior or subordinate lien, whether represented by trust deed in usual Tennessee form or is a vendor's or mechanic's lien or lien of similar character, does not attach to the property as an encumbrance, regardless of the fact that the purchaser at the foreclosure sale paid an amount sufficient only to liquidate all or a part of the indebtedness secured by the prior or superior lien; in other words, that the effect of the foreclosure of a first or superior lien on real estate is to extinguish a second or inferior lien, although the indebtedness secured by said lien may remain as a personal obligation of the original lienor, and such extinction takes place even though the original lienor becomes reinvested with the title to the property after the foreclosure sale.''

A demurrer adopts the case thus set forth, in practically the same language, and challenges the legal soundness of the rule as thus stated, and prayed to have declared. The chancellor overruled the demurrer, and the defendant appeals.

It will be observed that the prayer quoted seeks a declaration as to the rights of *the original mortgagor* to the effect that, as between *him* and the holder of an unsatisfied second mortgage executed by him, this mortgage is ''extinguished'' by a foreclosure of the first mortgage, even though he becomes the purchaser, directly or indirectly, at or following the sale. We are not prepared to declare the rule to be as thus broadly and unqualifiedly stated, despite the general statements in authorities relied on for complainant.

It is true that the *general* rule is that the purchaser at a regular foreclosure sale ''takes the mort-

gagor's title divested of all incumbrances made since the creation of the power," 5 Thomp. on Real Property, sec. 4838; Jones on Mortgages (7 Ed.), sec. 1897; the effect of the foreclosure being "to extinguish the second mortgage." *Jackson* v. *Coffman*, 110 Tenn., 271, 75 S. W., 718; *Parker et al.* v. *Thacker, Trustee*, 15 Tenn. App., 553; *Commercial-Germania, etc., Bank* v. *Russell*, 148 La., 334, 86 So., 831. In section 1654 of Jones on Mortgages this explicit statement of this general rule is made: "As the title of the purchaser relates back to the time of the execution of the mortgage, it does not matter to him what disposition the mortgagor may afterwards have made of the property if the foreclosure is perfect. All conditions and reservations and easements, as well as all junior liens, mortgages or other encumbrances, afterward imposed upon the property are extinguished, and the purchaser under foreclosure of the senior mortgage takes the property free therefrom," citing a great number of decisions.

But it does not appear that these authorities in thus stating this general rule had in contemplation the exceptional situation arising where the mortgagor himself becomes the purchaser at a foreclosure of a first mortgage, leaving an unsatisfied second incumbrance outstanding. To the contrary, in section 1887 of Jones on Mortgages it is said: "But if the mortgagor has given a subsequent mortgage upon the same property, his purchase will not defeat this, but will operate for the benefit of it in the same way as a discharge or a transfer of the mortgage to himself. He cannot set up against his own encumbrance another one which he has himself created." This author adds: "Whether the mortgagor would stand

in any better position as regards the subsequent incumbrance if, instead of purchasing directly under the power, the estate had been sold under the power to a stranger and subsequently purchased from such stranger by the mortgagor, is a question raised and not decided in the case last cited.'' We are unable to see upon what principle this purchase by indirection would place the mortgagor in any better position. The text in 41 C. J., p. 978, reads: ''The mortgagor or grantor may always purchase at a sale of his own property by the mortgagee or trustee, but he cannot, by such purchase, defeat the right of recovery under subsequent encumbrances . . .''

The right of an unsatisfied subsequent mortgagee to assert the lien of his mortgage upon the land, when it is reacquired by the mortgagor, following a foreclosure of the first mortgage, appears to rest on the doctrine of estoppel, applicable because of the warranties made by the mortgagor against incumbrances. In two Massachusetts cases cited, *Huzzey* v. *Heffernan*, 143 Mass., 232, 9 N. E., 570, and *Ayer* v. *Philadelphia & B. Face Brick Co.*, 157 Mass., 57, 31 N. E., 717 (opinion by HOLMES, J.), also in *Merchants National Bank of Fargo* v. *Miller et al.*, 59 N. D., 273, 229 N. W., 357, quoted from at length in the brief of counsel for the defendant herein, the decisions turned on the form and effect of the warranties contained in the second mortgage. It appears to be the rule, therefore, that whenever the mortgagor has inserted in his second mortgage covenants of warranty against incumbrances, without expressly excepting the first mortgage lien, he will be estopped from disputing the lien of the unsatisfied second mortgage upon reacquiring the title through foreclosure of the first mortgage.

██ *Huzzey* v. *Heffernan*, 143 Mass., 232, 9 N. E., 570, is a direct and strongly stated authority for the rule that a foreclosure sale under a senior lien terminates the inferior lienor's interest in the land, but this was a case in which there was no warranty in the second mortgage against the prior incumbrance, and this was assigned as a reason why the after acquired rule could have no application by estoppel. That case is not, therefore, satisfactory authority for complainant if the second mortgage contained general warranties against incumbrances, without reference to and exception of the prior mortgage.

However, conceding that the mortgagor, for reasons indicated, might not himself hold the reacquired property against his second mortgagee in certain cases, we think it clear that the complainant herein, acquiring title under the conditions set forth in the bill, illustrated in the foregoing part of this opinion, is entitled to hold free from all mortgage or other liens created subsequent to the registration of the foreclosed first mortgage. Having regard to the substance of the transaction, its true effect, and giving due consideration to the relative equities, we have here a debt originally secured by first mortgage which has never been paid. No release or satisfaction of the first lien on the land securing it has ever been made. No such result has been at any stage in the contemplation of the parties. On the contrary, the forms of transfers of title employed have been directed solely toward an extension of the debt for the benefit of the original mortgagor. The complainant becomes a beneficial intermediary, a substitute mortgage creditor, entitled in all good conscience and equity to the first lien originally created in favor of the original creditor. By analogy, this general rule has application—"Where the

holder of a senior mortgage discharges it of record, and contemporaneously . . . takes and registers a new mortgage, he will not, in the absence of paramount equities, be held to have subordinated his security to an intervening lien—whether mortgage, vendor, mechanic, or judgment—unless this appears to have been his intention." *Shanks* v. *Phillips*, 165 Tenn. at page 405, 55 S. W. (2d), 258, 260, citing notation in 33 A. L. R., 149.

In this view it becomes immaterial whether the title is passed from the trustee making the sale under the power direct to the mortgagor, or through the mortgagee, or a third party, so long as the transfers are practically contemporaneous and parts of the whole transaction, mere steps in the process. No principles of our registration laws are contravened, and rights of innocent purchasers are not involved.

A declaratory decree may be entered to this effect. While not in full compliance with the specifications of the prayer, we feel authorized to give application to the prayer for general relief, based on the recitals of the bill. The decree of the chancellor is modified to conform to this opinion, and, so modified, is affirmed.