FREDERICK F. AYER *vs.* PHILADELPHIA AND BOSTON FACE BRICK COMPANY.

Suffolk. March 14, 1892. — June 24, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Deed — Mortgage — Covenant of Warranty.*

A second mortgage of land recited that the land was " conveyed subject to " a certain right of drainage, a certain easement, "and the mortgage hereinafter named "; and the grantor covenanted that he was seised in fee of the " aforegranted premises," that they were free from all encumbrances " except a certain mortgage," describing it, " the right of drainage, and the easement aforesaid," that he had good right to sell and convey the same, and that he would warrant and defend the same "against the lawful claims and demands of all persons, except the right of drainage and the easement aforesaid." *Held*, that the covenant of warranty included the first mortgage.

HOLMES, J. This is a writ of entry to foreclose a mortgage. The case on the agreed facts, so far as it needs to be stated, is this. One Waterman made a first mortgage, and later a second mortgage. The first was foreclosed and the land subsequently

was reconveyed to him. Then the holder of the second mortgage conveyed to a third person, who conveyed to the demandant. The tenant is a grantee under Waterman. The demandant argues that when the premises came back to Waterman his title inured to the holders of the second mortgage by force of his covenant of warranty therein. *Knight* v. *Thayer*, 125 Mass. 25, 27.

Our decision will turn on the construction of the second mortgage deed. In the granting part of this deed the land is stated to be " conveyed subject to " a certain right of drainage, a certain easement, " and the mortgage hereinafter named." The covenants are as follows: " And I, the said grantor, for myself and my heirs, executors, and administrators, do covenant with the said grantees and their heirs and assigns, that I am lawfully seised in fee simple of the aforegranted premises; that they are free from all encumbrances, except a certain mortgage given by me to the Boston Five Cents Savings Bank, dated March 1, 1872, to secure the sum of forty thousand dollars, the right of drainage and the easement aforesaid; that I have good right to sell and convey the same to the said grantees, and their heirs and assigns forever, as aforesaid; and that I will, and my heirs, executors, and administrators shall, warrant and defend the same to the said grantees and their heirs and assigns forever, against the lawful claims and demands of all persons, except the right of drainage and the easement aforesaid."

The arguments on the one side and the other are very evenly balanced. If the granting part of the deed stood as now, and was followed by general covenants with no exceptions, the warranty would be held to be limited to what purported to be conveyed, that is, to the land subject to the mortgage, etc., and would not extend to the mortgage. *Brown* v. *South Boston Savings Bank*, 148 Mass. 300, 304. *Freeman* v. *Foster*, 55 Maine, 508. *Jackson* v. *Hoffman*, 9 Cowen, 271, 273. On the other hand, if the granting part simply described the land, not mentioning the mortgage, and the covenants were in their present form, the warranty would extend to the mortgage, and the demandant would be entitled to prevail. *Estabrook* v. *Smith*, 6 Gray, 572.

It is argued in the present case that the words " the same,"

in the covenant of warranty, cannot be taken to mean only the land subject to the mortgage, but must mean the land in view of the exceptions in the covenant against encumbrances. This argument standing alone would not impress us. The words "the same" refer to "the aforegranted premises," and the construction of that phrase as used in the covenants is too well settled to be shaken by the fact that out of excessive caution the grantor has repeated the limitations to his liability in a covenant collateral to the one under consideration. In *Leonard* v. *Adams*, 119 Mass. 366, the public road subject to which the fee was granted was mentioned in the covenant against encumbrances, but not in the covenant of warranty, and the same is true of the mortgage in *Brown* v. *South Boston Savings Bank*, *ubi supra*, and *Lively* v. *Rice*, 150 Mass. 171, 172. See also *Linton* v. *Allen*, 154 Mass. 432, 436–438. But beside the exceptions in the covenant against encumbrances, we have the exceptions in the covenant of warranty, and the fact that, having mentioned the mortgage three lines before, and undertaking the supererogatory work of stating what he does not warrant against, the grantor now omits the mortgage from his enumeration. Coupled with this is the further fact that the present instrument is a mortgage, and it may be thought natural that a debtor should covenant to keep his security good, even as against paramount liens. Rawle on Covenants, (5th ed.) § 26. It may be replied that the argument from the exceptions in the covenant of warranty is the same in kind as that from the covenant against encumbrances, which, standing alone, we have rejected; that as to the likelihood of a debtor's covenanting to keep his security good, it is to be remembered that, so far as personal undertakings go, he has promised to pay the debt, and that the covenant to warrant against a prior mortgage adds little except the possibility of some unforeseen, undesirable, and unjust complication of title like the present. So far as it would tend to prevent a collusive foreclosure of the prior mortgage and a subsequent conveyance to the debtor, the personal liability of the debtor would be enough to prevent his attempting to work out a fraudulent scheme, if he had one, in that way. Also it may be thought undesirable to make refined distinctions in the settled construction of "aforegranted premises" in the cov-

enants. And our attention is called to the fact that in the power to sell "the granted premises" the words quoted can only mean the land subject to the first mortgage. *Donohue* v. *Chase*, 130 Mass. 137. *Dearnaley* v. *Chase*, 136 Mass. 288. If there were no exceptions in the covenant of warranty, the latter considerations might prevail. But when the grantor says that he will warrant and defend "against the lawful claims and demands of all persons, except the right of drainage and the easement aforesaid," a majority of the court feel bound to take his words as binding him to warrant against the prior mortgage, and to say that in the covenants of this deed, at least, the phrase "aforegranted premises" manifestly is not used in an artificial sense, but means the land. The only question for us is what the parties saw fit to say in the particular case, and on the whole we are of opinion that their words require the interpretation which we have given to them.

*Judgment for demandant.*

*W. G. Russell & F. W. Kittredge*, for the demandant.
*H. G. Parker & E. L. Rand*, for the tenant.