### CLEARMAN et al. v. GRAHAM et ux.
### (No.· 7147.)

Court of Civil Appeals of Texas. Austin. Feb. 15, 1928.

Rehearing Denied March 28, 1928.

**I. Appeal and error ☞930(3)—One issue being submitted to jury and others not requested, all other issues of fact raised must be resolved in support of judgment.**

Where but one issue was submitted to jury and no other issues were requested, *held*, that all other issues of fact raised by pleadings and proof must be resolved in support of judgment.

**2. Mortgages ☞370—Where mortgagor's attorney bid in land for mortgagor and trustee made second sale to mortgagee after bidders had dispersed, second sale was void.**

Where sale was made under trust deed and attorney for mortgagor bid in land, but left without making payment, and trustee prepared deed and, having failed to locate attorney who had left town, sold land two hours later to mortgagee at another sale, *held*, that second sale was invalid, being made after bidders had dispersed, without knowledge or presence of mortgagor who had already been declared successful bidder.

**3. Mortgages ☞370—Resale under trust deed after commencement of suit to set aside former sale, if authorized, held subject to rights established by suit.**

Trustee's sale made after readvertisement and after suit was filed to set aside former sale *held* subject to whatever rights parties established by suit, if in fact trustee did not lose authority to sell land while suit was pending.

**4. Appeal and error ☞930(3)—On appeal, trial court was presumed to have found against·mortgagee where good faith of mortgagor's attorney in bidding was not requested to be submitted. .**

On appeal, in mortgagor's action to set aside sale to mortgagee made after mortgagor's at-

torney had bid in land at sale held two hours prior, where questions of intention and ability of attorney to make payment were not requested to be submitted to jury, upon conflicting testimony, trial court was presumed to have found against mortgagee.

**5. Mortgages ☞364—Mortgagor should have reasonable time to comply with bid at trustee's sale, where jury found mortgagee prevented him from paying.**

Where jury found that mortgagee had, by misleading mortgagor, prevented him from being present in person at sale with sufficient funds to pay bid made by ·his attorney and court found, of necessity, that attorney made said bid in good faith, *held*, that mortgagor should have been allowed reasonable time, under circumstances, in which to comply with such bid.

**6. Mortgages ☞364—Mortgagor need not make tender to preserve rights where his attorney bid in land and trustee resold, refusing to recognize first sale.**

Where mortgagor's·attorney made bid, and trustee, assuming bad faith of mortgagee in keeping mortgagor from being present at sale, resold land·within two hours after first sale, thereafter continuously refusing to recognize any sale to mortgagor, or to accept any payment thereunder, or to make, deed to mortgagor, *held*, that mortgagor was not required to make and maintain legal tender.in order to preserve his rights in matter.

**7. Mortgages ☞378—Mortgagor purchasing under senior lien· held not thereby to cancel junior lien, being primarily liable.**

· Where mortgagor owning tract of land executed trust deed on entire tract giving at same time another trust deed on 80 acres of tract not claimed as homestead, and at sale of latter tract under trust deed mortgagee bid in, while at sale of whole tract mortgagor's attorney bid in, but it was subsequently resold and action brought for specific performance of trustee's sale of entire tract, *held*, that mortgagor, being primarily liable on both first and second lien notes, could not therefore by purchasing under senior mortgage pay off or in any manner satisfy junior mortgage.

**8. Mortgages ☞378—Mortgagor did not acquire priority by purchasing entire track under senior lien as against mortgagee purchasing portion of tract at prior sale under junior lien.**

Where tract of land was subject to two mortgages, and at sale made under junior lien of portion of tract covered thereby mortgagee became purchaser, and at second sale under first mortgage of entire tract mortgagor became purchaser, *held*, that mortgagor did not thereby acquire any priority.

**9. Mortgages ☞295(1)—Mortgagor having purchased under senior lien, equity will treat legal and· equitable titles as separate in mortgagee having junior lien to protect rights.**

Where lien· on portion of tract of land was foreclosed and sale made to mortgagee which was not shown to have been consummated, and at second sale of entire tract mortgagor pur-

chased, *held*, that as between mortgagor and mortgagee equity will treat legal and equitable titles separate in mortgagee in order to prevent injustice and protect rights of creditor, if his interest require such severance.

**10. Mortgages** ⟸378—**After purchase by mortgagor under first lien, what had theretofore been second lien upon portion of tract then became first lien on same.**

Where portion of tract of land was sold under trust deed to mortgagee, and at subsequent sale of entire tract under senior trust deed mortgagor purchased, *held*, that, after such purchase, what had theretofore been second lien upon portion of tract then became first lien on same.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Action by I. F. Graham and wife against J. S. Clearman and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

M. E. Monteith, of Houston, for appellants.

I. F. Graham, of Kerrville, and J. W. Thomas and Walter Miller, both of Belton, for appellees.

BAUGH, J. In their motion for rehearing appellants have for the first time called our attention to matters now claimed as fundamental error neither raised by assignment nor adverted to in their original brief, which require a reformation of our original opinion herein and a reversal of this case. To avoid confusion, and in the interest of brevity, we have decided to withdraw our original opinion herein and substitute therefor this opinion.

The appeal is from a judgment of the district court of Bell county awarding to Graham specific performance of a trustee's sale to him of 200 acres of land. The material facts involved are substantially as follows: Graham and wife owned 200 acres of land in Bell county, 120 acres of which was their homestead. In 1920 they borrowed from Clearman $1,250, evidenced by their promissory note, to take up and extend purchase-money notes on the 200 acres, and gave him a deed of trust on said land to secure its payment. At the same time they borrowed from him $750 additional, also evidenced by their note, for other purposes, and gave a second deed of trust on the 80 acres not claimed as a homestead to secure that. Upon default in interest payments, both notes were declared due and all of said land was advertised for sale on October 6, 1925, under both deeds of trust. About 11 o' clock a. m. on October 6th, the 80 acres were cried out first by the substitute trustee under the second lien and sold to J. S. Clearman, the creditor, upon his bid of the full amount of the $750 note. No deed, however, is shown to

have been made him under that sale. Immediately after that sale, the entire 200 acres, which included the 80 acres just sold under said second lien, were cried out by the substitute trustee under the first lien, and upon a bid by Graham's attorney, Graham not being present in person, of $1,613.65, the full amount of the $1,250 note, the trustee accepted said bid and declared the land sold to Graham. A trustee's deed was prepared immediately and after efforts to locate Graham's attorney who had left town, had failed, the trustee again sold said 200 acres of land at the courthouse door, at 12:45 p. m. of the same day, to J. S. Clearman for $1,-100, without any notice to Graham or his attorney of the second sale. Upon the following day Graham's attorney demanded of the trustee a deed and repeatedly thereafter did so, making a tender on October 14th of the amount of his bid. The trustee at all times, after the 12:45 p. m. sale of the 200 acres, refused to make a deed to Graham or to accept payment of his bid, asserting the validity of the second sale to Clearman to whom he had made a deed. This suit was filed by Graham in October, 1925, seeking to compel the trustee to make him a deed under his bid, to set aside the second sale on the same day to Clearman, and to cancel all liens upon said lands. Thereafter in January, 1926, the trustee readvertised said land under the deeds of trust and again sold it to Clearman without Graham's actual knowledge, on February 2, 1926. By amendment Graham also sought to set aside this sale and deed made pursuant thereto.

The good faith of Graham's attorney in making his bid on October 6th, his intention to comply with it, and his ability to comply with it were attacked. Only one issue was submitted to the jury, which was:

"Do you find from a preponderance of the evidence that the plaintiff herein, I. F. Graham, would have been present at the time of the sale on the 6th day of October, 1925, with the money in hand with which to pay the bid made for the said property by J. W. Thomas but for the misrepresentations or conduct of J. S. Clearman, his agent, or representatives?"

[1] The jury answered this question "Yes." No other issues were requested. Hence all other issues of fact raised by the pleadings and the proof must be resolved in support of the judgment. Jenkins v. N. W. Pipe & Supply Co. (Tex. Com. App.) 299 S. W. 857.

[2, 3] Under the facts and circumstances of this case, did appellees show themselves entitled to demand that the substitute trustee execute and deliver to them a deed to the 200 acres of land in accordance with their bid of October 6, 1925? The second sale of the of the 200 acres made by the trustee at 12:45 p. m. on October 6th was invalid. It was made after the bidders at the first sale had

dispersed, without the knowledge or presence of Graham, who had already been declared the successful bidder for the property less than two hours before, and sold to Clearman, the holder of the notes, for much less than Graham's former bid. Even if Thomas' bid for Graham had been in bad faith with no intention to comply with it, after the bidders had dispersed, the property should have been readvertised for sale. 41 C. J. 986; Love v. Harris, 156 N. C. 88, 72 S. E. 150, 36 L. R. A. (N. S.) 927, Ann. Cas. 1912D, 1065. The subsequent resale, after readvertisement, on February 2, 1926, and after this suit was filed, was, of course, subject to whatever rights the parties established by the suit, if in fact the trustee did not lose authority to sell said land at all while the suit was pending.

[4, 5] The question of the good faith of the bid by Graham's attorney and of his intention to and ability to make payment were not requested to be submitted to the jury, and upon the conflicting testimony the trial court is presumed to have found against appellants thereon. The jury having found that Clearman had, by misleading Graham, prevented him from being present in person at the sale with funds sufficient to pay the bid made by Thomas, his attorney, and the court having found, of necessity, that Thomas made said bid in good faith, we think he should have been allowed a reasonable time, under the circumstances, in which to comply with such bid.

[6] Nor was tender of their bid necessary in this case. Assuming bad faith, Clearman and the trustee resold said lands within less than two hours after the first sale, and thereafter continuously refused to recognize any sale to Graham, to accept any payment thereunder, or to make any deed to Graham, so advised Graham's attorney, Thomas, and the trustee so testified on the trial. Under such circumstances, Graham was not required to make and maintain a legal tender in order to preserve his rights in the matter. 38 Cyc. 134; Creager v. Beamer Syndicate (Tex. Civ. App.) 274 S. W. 323; Karnes v. Barton (Tex. Civ. App.) 272 S. W. 317; Poff v. Miller (Tex. Com. App.) 235 S. W. 570. The conduct of the trustee excused the making of such tender.

[7-10] However, the trial court's judgment was clearly erroneous in this: Graham was primarily liable on both first and second lien notes, being the original maker of such notes and of the mortgages securing them. He could not, therefore, by purchasing under the senior mortgage, pay off or in any manner satisfy the junior mortgage as against Clearman, the mortgagee. Beitel v. Dobbin (Tex. Civ. App.) 44 S. W. 299; Ayer v. Safe Brick Co., 157 Mass. 57, 31 N. E. 717; 41 C. J. 978. The judgment of the trial court in so far as it undertook to cancel the junior lien, or in any manner declare the junior note satisfied,

was clearly erroneous. Nor did the sale first made under the junior lien, at which Clearman became the purchaser, give to Graham any priority under his purchase at the second sale. The first sale to Clearman is not shown to have ever been consummated, but even if it had been, as between him and Graham, equity will treat the legal and equitable titles as held separately in Clearman in order to prevent injustice and to protect the rights of the creditor, if his interest require such a severance. Silliman v. Gammage, 55 Tex. 365; Pugh v. Sample, 123 La. 791, 49 So. 526, 39 L. R. A. (N. S.) 834, and extensive note; Elliot v. Slaughter (Tex. Civ. App.) 236 S. W. 1114. After the purchase by Graham, under the first lien, what had theretofore been a second lien upon the 80 acres then became a first lien on same.

Appellant also insists that the trial court's judgment is fundamentally erroneous, in that it is not capable of definite enforcement. The decree orders the trustee to make and deliver a deed to Graham, and that Graham forthwith pay to the trustee the amount of his bid, whereupon said decree should then become absolute. But it does not order the parties to place either the deed or the amount of the bid in the registry of the court, so that the court could finally dispose of it.

Since we have concluded, however, that, because of the errors pointed out, the case should be remanded, and such objection to the decree can be avoided upon another trial, we do not deem it necessary to enter upon a discussion of it here. For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.