LAURENCE LIPKIN, Appellant, v. CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, Respondent.— In an action for the cancellation of life insurance policies, judgment dismissing the complaint and the supplemental complaint unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

MARGUERITE O'CONNELL, Respondent, v. GEORGE W. AVERELL, Appellant.— In an action upon a purchase-money bond, judgment for the plaintiff affirmed, with costs. We have examined all of the proof adduced in this case and are of opinion that the appellant's defense to the effect that the bond was not intended to be an obligation upon him was not sustained by the requisite, clear and convincing proof. His claim that he executed the formal contract providing for the making of a bond and mortgage by him, despite an understanding to the contrary, on the ground that there was not space enough in the contract to make it conform to the agreement and that he executed the bond although it was to have no effect at all, in the light of the circumstances and the opposing proof, does not warrant reformation. Lazansky, P. J., Hagarty, Carswell and Davis, JJ., concur; Close, J., dissents, with the following memorandum: I dissent and vote for reversal and a new trial. The trial court committed error in striking from the record defendant's Exhibit B and the testimony pertaining thereto. The greater weight of the evidence establishes that the letter, Exhibit B, is contemporaneous with the contract; defendant's Exhibit C is a part thereof, and should be so construed. It follows that the agreement between the parties was that the defendant was not to become personally liable upon the bond in suit.

ANNA PFANNES and MILDRED PFANNES, Respondents, v. WINFRED A. ADAMS and CLARENCE L. CHASE, Appellants, and Others, Defendants.— The infant plaintiff was a passenger in an automobile that collided with a motor truck owned by defendant Adams and driven by defendant Chase. The infant plaintiff (who became of adult age before the trial) had a verdict for personal injuries based on the negligence of these defendants, and the mother a verdict for expenses and loss of services. Judgment unanimously affirmed, with costs. There was no prejudicial error in the refusal of the trial justice to charge as requested by defendants; and under the proof the verdict for personal injuries was not excessive. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ.

HENRIETTE N. PORTEOUS, Appellant, v. JACOB A. RUBEL, Respondent.— In an action for slander, judgment dismissing complaint on the merits, entered on the verdict of the jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.