FLORAL PARK LAWNS, INC., Respondent, *v.* ELLEN A. O'CONNELL and Others, Defendants, Impleaded with MARGUERITE O'CONNELL, Appellant. (Appeal No. 2.)

Second Department, April 5, 1937.

*Hardie B. Walmsley* [*Herman Rosenwasser* with him on the brief], for the appellant.

*Samuel Okin,* for the respondent.

PER CURIAM. The action is to recover a balance of $20,000 plus interest upon two bonds, secured by a first mortgage upon real property owned by one George W. Averell. Defendant Marguerite O'Connell defends on the grounds (1) that plaintiff is not the real party in interest; (2) that Averell owns the corporate plaintiff and that he acquired the bonds in suit, as well as the accompanying first mortgage, in the name of the plaintiff pursuant to a plan or conspiracy between him and the plaintiff to wipe out and render valueless a $25,000 second mortgage upon the property, as well as his personal liability upon the bond which accompanied this mortgage. The latter bond and mortgage were executed by Averell to defendant Marguerite O'Connell when he purchased the property from her. Defendant also interposes as a counterclaim Averell's liability on his bond, which obligation has since been reduced to judgment in another action brought by this defendant against Averell. (*O'Connell* v. *Averell,* 250 App. Div. 726.) Plaintiff moved under rule 113 of the Rules of Civil Practice to strike out the amended answer setting forth these defenses and the counterclaim and for summary judgment. The motion was granted.

The basis of the motion is that the decision of this court on a prior appeal makes the present answer sham and renders futile a trial of the action. Our decision has no such effect.

The prior appeal was from a judgment dismissing, after trial, the plaintiff's complaint, which then set forth a cause of action for the foreclosure of the first mortgage. The only defense interposed by this defendant to that action was the second defense stated above. We reversed that judgment and granted a new trial, reversing the findings of the trial court only for the purpose of the new trial (247 App. Div. 759). Instead of proceeding with the new trial, plaintiff obtained leave to serve the present complaint substituting for the cause of action in foreclosure a cause of action on the bonds. The appealing defendant's answer to this amended complaint sets forth, besides the original defense, the additional defense that the corporation is not the real party in interest, and also a counterclaim by reason of Averell's liability on the second mortgage bond.

In dismissing the original complaint the Special Term held that the acquisition of the first mortgage by the plaintiff effected a merger of the mortgage with the fee and that the corporate entity would not be permitted to prevent such merger. We reversed the judgment only because on the record then presented we were of the opinion that a merger did not result from the facts found or proved. We reversed the findings only for the purpose of the new trial but we made no new findings. The principal findings made upon the first trial, with which we did not disagree, clearly show that Averell advanced his own funds for the assignment to plaintiff, that it was taken for his benefit exclusively, and that the action likewise was prosecuted for his benefit. Under these circumstances an estoppel arises against plaintiff for appellant's protection. (*Dorff* v. *Bornstein*, 250 App. Div. 477, decided herewith.)

From all the circumstances it may well be concluded either (1) that the corporation has been acting merely as Averell's agent in taking the assignment, or (2) that Averell resorted to the use of the corporate entity for the express purpose of preventing this defendant from offsetting or rendering enforcible Averell's personal liability on the second mortgage bond. In either case Averell cannot defeat this defendant's counterclaim by resorting to the medium of an empty corporate shell. Where it appears that a person has employed a corporation as his agent or that a person has attempted to use the corporate entity as an aid or instrument in the commission of a fraud, then, if need be, the person will be held liable as the principal or the corporate entity will be swept aside. (*Quaid* v. *Ratkowsky*, 183 App. Div. 428; affd., 224 N. Y.

624; *Monica Realty Corporation* v. *Bleecker*, 229 App. Div. 184; *Jewish N. W. Alliance* v. *Merchants Bank of N. Y.*, 238 id. 395; *Lowendahl* v. *Baltimore & Ohio R. R. Co.*, 247 id. 144; affd., 272 N. Y. 360.)

Therefore, there are issues which must be determined by a trial and it was error to strike out the answer to the amended complaint and grant plaintiff summary judgment.

The order should be reversed on the law, without costs, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ., concur.

Order granting plaintiff's motion for summary judgment reversed on the law, without costs, and motion denied, with ten dollars costs.