Louis Dorff, Respondent, *v.* Hyman Bornstein and Others, Appellants.

Second Department, April 5, 1937.

*Maurice Edelbaum,* for the appellants.

*Herman S. Bachrach* [*Charles J. Klyde* with him on the brief], for the respondent.

Carswell, J. Defendant Hyman Bornstein, on February 2, 1926, bought from Edna Klyde a summer hotel or boarding house in Coney Island, known as Colonial Hall. He executed and delivered, as part of the consideration, a purchase-money bond and second mortgage for $36,000. The property was subject to a first mortgage of $16,000. The second mortgagee, Klyde, subordinated a new obligation for $4,000, which was added to the

first mortgage, making that lien $20,000. The second mortgage was reduced by payments to $21,750. Plaintiff in 1933, by mesne assignments, succeeded to Klyde's rights under the second mortgage, then in default for over a year. He began an action in foreclosure, whereupon the first mortgage, in default for a like period, was foreclosed and the property bid in by the first mortgagee on August 31, 1934, for $20,000. On January 3, 1935, the first mortgagee, for a valid consideration ($4,000 cash and $15,000 first mortgage) conveyed the property to defendants Benjamin J. Bornstein and Rose Bornstein, the son and daughter, respectively, of defendant Hyman Bornstein. During this entire period Hyman Bornstein was continuously present in the premises. Certain other facts need not be recounted; they are not presently essential.

Plaintiff then began this action to have judgment that Hyman Bornstein is the true owner of the property; that Benjamin J. and Rose Bornstein are dummies holding the legal title for Hyman Bornstein; that plaintiff's mortgage is a valid second lien on the property, subject to a new first mortgage thereon; that said second mortgage be foreclosed for defaults thereunder and the property sold to satisfy the lien. This relief the judgment decrees. Defendants appeal and assert the evidence is inadequate to sustain the judgment.

The evidence fully established that defendant Hyman Bornstein, at the time when the income from the property put him in ample funds so to do, willfully refused to pay the taxes and interest on the first mortgage so as to precipitate a foreclosure thereof and cause a sale of the property under circumstances which extinguished the lien of the second mortgage; that with moneys which were the income of the property while the defaults were in existence, he repurchased the property from the first mortgagee's estate, which had bought it on its foreclosure without any corrupt arrangement with Hyman Bornstein; that the moneys used to make this purchase were beneficially owned by defendant Hyman Bornstein, being income from the property collected and retained by his wife and paid by her to the son, defendant Benjamin J. Bornstein, to enable him to purchase the property from the first mortgagee in his name and that of his sister, defendant Rose Bornstein; that these two individuals acted for Hyman Bornstein and became the dummy holders of the legal title for him.

When such a fraudulent transaction is brought within equitable cognizance, the court, under settled principles, is not powerless to afford complete relief. Here the aggravated circumstances reinforce the equities of plaintiff. Apart from certain of these aggravating elements, plaintiff may invoke the principle of estoppel

as against defendant Hyman Bornstein. (*Ayer* v. *Philadelphia, etc., Face Brick Co.*, 157 Mass. 57; 31 N. E. 717; *Hilton* v. *Bissell*, 1 Sandf. Ch. 407; *Duer* v. *Jaeger*, 113 Misc. 743; *Brown* v. *Avery*, 119 Mich. 384; 78 N. W. 331; *Kerr* v. *Erickson*, [Tex.] 24 S. W. [2d] 21; *Home Owners' Loan Corp.* v. *Guaranty Title Trust Co.*, 168 Tenn. 118; 76 S. W. [2d] 109; *Merchants' Nat. Bank* v. *Miller*, 59 N. Dak. 273; 229 N. W. 357.)

This is in accord with the long-settled principle stated in *Otter* v. *Lord Vaux* (6 De G., M. & G. 638, 642). There the original owner obtained a reconveyance of property through a first mortgagee and the property was required to respond to the original second mortgagee; the court saying, " a mortgagor cannot set up against *his own* incumbrancer any other incumbrance created by himself." Such an estoppel enforces ordinary common honesty. The sale here to the son and daughter was no different in legal effect than if defendant Hyman Bornstein had taken the title, he having continued in the premises at all times. (*Byrnes* v. *Owen*, 243 N. Y. 211; *Mendenhall* v. *Hall*, 134 U. S. 559.) The money effecting the purchase was the money of Hyman Bornstein. Though his children took title, the beneficial ownership and enjoyment is still in the father. Hyman Bornstein in legal effect having reacquired the title to the property, the second mortgage lien reattached as against him, because he *created that lien and is obligated on the bond thereof*. It is the latter element, coupled with the reacquirement of title by Hyman Bornstein, which generates plaintiff's rights and estops Hyman Bornstein from challenging the enforcibility of plaintiff's lien against this particular property.

This view makes it of minor importance whether this result should ensue because in equity " the land is a common fund " which renders it inequitable for a junior interest to acquire a superior incumbrance in order to destroy the lien of a *prior mortgage one has created*, or whether it arises by " necessity and interest " which precludes the acquirement of rights antagonistic *to an incumbrance one has created* (*Fair* v. *Brown*, 40 Iowa, 209; *Carpenter* v. *Carpenter*, 131 N. Y. 101; *Woodbury* v. *Swan*, 59 N. H. 22; *Middletown Savings Bank* v. *Bacharach*, 46 Conn. 513; *Connecticut Mutual Life Ins. Co.* v. *Bulte*, 45 Mich. 113; 7 N. W. 707), or because it evolves from the mortgagor's warranty of title, and kindred covenants.

The lien of the second mortgage having reattached in full vigor and being in default, it was properly foreclosed.

*Kossoff* v. *Wald* (272 N. Y. 480) is not to the contrary. It is to be distinguished as indicated by GLENNON, J., in a dissenting opinion, in the *Kossoff Case* (245 App. Div. 646, 654). There,

the owner of the fee did not create the second mortgage; here, he did.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Judgment unanimously affirmed, with costs.