**A.V. MITCHELL, Jr., and AVM Investments, Inc., Appellants,**

v.

**TEXAS COMMERCE BANK–IRVING, Appellee.**

No. 2–84–066–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 29, 1984.

Randy Roberts, Dallas, for appellants.

Liddell, Sapp, Zivley, Brown & LaBoon and Vera R. Bangs, Dallas, for appellee.

Before ASHWORTH, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

A.V. Mitchell, Jr., and AVM Investments, Inc., appeal from a summary judgment in favor of Texas Commerce Bank-Irving granting the bank a deficiency judgment on two notes which had been secured by real property. The summary judgment also awarded the bank a take-nothing judgment as to appellants' counterclaim for wrongful foreclosure. Among other points of error, appellants urge that the trial court erred in granting the summary judgment in behalf of the bank because there was a fact issue as to the validity of the trustee's sale in connection with the foreclosure, (1) due to the failure of the bank to give proper notice of the foreclosure sale by mailing the notice to the appellants at the most recent address in their files, and (2) due to the fact that after the sale had been completed and the bidders had disbursed, the sale had been reconvened without further notice when the buyer could not come up with the cash.

We reverse and remand for trial, because we agree that the bank failed to establish as a matter of law that there is no genuine issue of fact as to the validity of the trustee's sale.

By points of error numbers one, two, six, and seven, Mitchell and AVM complain that the trial court erred in granting summary judgment for the bank because there are fact issues as to the validity of the trustee's sale, due to the failure of the bank to comply with art. 3810 of the Texas Revised Civil Statutes by mailing notice to the debtor of the foreclosure sale at the most recent address in its files, and due to the trustee reconvening the sale without notice after the bidders had disbursed, following the sale of the property to a buyer who subsequently failed to come up with the cash.

The summary judgment evidence reflects that the bank sent notice of the foreclosure sale to the appellants at 5944 Luther Lane, No. 301, Dallas, Texas 75225, although at that time the bank had a more recent address, 5016 Thunder Road, Dallas, Texas 75234, in its records.

Former art. 3810, now TEX.PROP.CODE ANN. sec. 51.002 (Vernon 1983), provides that the holder of the debt must, at least 21 days preceding the date of sale, give a certified mail notice of the sale to each debtor by depositing the notice addressed to the debtor at the most recent address of the debtor as shown by the records of the holder of the debt. It has been held that the failure to comply with this provision invalidates the trustee's sale. *Lido Intern., Inc. v. Lambeth,* 611 S.W.2d 622 (Tex.1981).

The bank sent its notice of the sale to the appellants to the wrong address on June 15, 1981. Appellants received the notice several days before July 7, 1981, the date of the sale, and were present at the sale. The bank takes the position that since the appellants received actual notice of the sale and were present at the sale, that they suffered no harm as a result of the insufficient notice which the bank gave them. We do not agree with the bank's position. The purpose of the notice statute is to provide a minimum level of protection for the debtor. *Hausmann v. Texas Sav. & Loan Ass'n,* 585 S.W.2d 796, 799 (Tex. Civ.App.—El Paso 1979, writ ref'd n.r.e.). When the notice is not sent to the proper address, the usual mail delays associated with incorrectly-addressed mail cause the debtor to receive less time to prepare for the sale than he is entitled to receive. If the bank were correct in its theory, it would not matter how little time remained before the sale after the debtor received the incorrectly-mailed notice, so long as he was actually present at the sale. Such an interpretation would result in the defeat of the purpose of the 21-day notice provision.

The bank relies primarily on two cases in support of its position. The first is the

case of *Ogden v. Gibraltar Sav. Ass'n,* 620 S.W.2d 926 (Tex.Civ.App.—Corpus Christi 1981), *rev'd on other grounds,* 640 S.W.2d 232 (Tex.1982). In that case the notice was addressed to the debtor with one number too many in the post office box number, as well as an incorrect street address. The letter with the wrong post office box number was placed in the correct post office box, and a notice of the arrival of the other letter was also placed in the correct post office box. No delay in the depositing of notice of arrival of certified mail in the correct post office box was caused by the incorrect addresses.

The bank also relies on the case of *Hausmann v. Texas Sav. & Loan Ass'n, supra.* In this case the notice was sent to a residence address where the debtors actually lived, even though the creditor had a post office box as a more recent address in its files. The debtor said that they did not have a mailbox at the residence and that such letters were usually placed by the post office in the post office box that the creditor had in its files as the most recent address.

In both of these cases any error in the address on the letter did not cause any delay in the delivery of the notice to the debtor at the correct address. Since neither case involved a notice sent to an incorrect address, causing a significant delay in the receipt of the notice, neither case is comparable to the case at bar.

It is undisputed that on the day of the sale, the property was first sold to one Stuart Koss for $128,250.00, and that after his bid had been accepted, he was given time to obtain the cash from his bank. Later in the day, when Mr. Koss did not return with the cash, the sale was reconvened and the property sold to the bank for $105,000.00. Others present at the earlier sale had dispersed. There was affidavit evidence that some of these persons were bidders. The resale of the property to the bank, after the bidders had dispersed, without further advertisement of the sale, was invalid. *Clearman v. Graham,* 4 S.W.2d

581 (Tex.Civ.App.—Austin 1928, writ dism'd).

The bank relies on the case of *Kirkman v. Amarillo Savings Ass'n of Amarillo,* 483 S.W.2d 302 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). In *Kirkman,* the court upheld the validity of the sale to the creditor, the second highest bidder, instead of to Kirkman, who never did come up with the cash, even though he had been given time to do so. The evidence showed that there were no other bidders present when the sale was recessed other than Kirkman and the creditor. Also, the issue presented here was not raised or discussed in that case. The bank is correct that it was proper for the trustee to allow the prospective purchaser time to obtain cash for the purchase; the error was in reconvening the sale without notice to those who had been present when it was announced that the property had been sold.

We sustain points of error numbers one, two, six and seven because the summary judgment evidence failed to establish that there was no fact issue as to the validity of the trustee's sale.

In view of our holding, it is unnecessary to review the remaining points of error. We reverse and remand for trial. Costs are charged to the appellee.